Wolf *v.* Goodhue Fire Insurance Company.

Ordered accordingly.

[Monroe General Term, December 5, 1864. *J. C. Smith, Welles* and *E. Darwin Smith,* Justices.]

———•◦•———

# WOLF *vs.* THE GOODHUE FIRE INSURANCE COMPANY.

It is an intendment of the law that a verdict settles in favor of the prevailing party every question of fact litigated upon the trial.

Courts are not to intend that the jury found either of the issues in favor of the unsuccessful party, for the purpose of overturning their verdict. On the contrary, they are required to hold that every issue was found against the unsuccessful party, if necessary to sustain the verdict.

But if the jury gave the plaintiff less than he was entitled to recover, upon the finding of the issues, that is an error of which the plaintiff, alone, can complain. If he submits to the verdict, the defendant can not be heard to insist that it shall be set aside because it is unjust to the plaintiff.

Where, in an action upon a policy of insurance, the defenses are that the insured set fire to the property himself, and that he was guilty of fraud and perjury in preparing the preliminary proofs, the fact that the plaintiff recovers a verdict for a sum less than the amount insured and claimed to be recovered, will afford no evidence that the jury meant to decide the issue of fraud against the plaintiff.

ACTION upon a policy of insurance. On the 18th day of April, 1860, John Englehardt procured from the defendant a policy of insurance upon his stock of watches, clocks, jewelry and tools to the amount of $900, and upon his fixtures, show cases and furniture, to the amount of $100. There was another policy upon the same goods, for $1000, issued at the same time by the Security Insurance Company. On the 16th of May, 1860, Englehardt executed a bill of sale of the property insured, to Charles Stupp, who, on the same day, executed a bill of sale of the same to Margaretta

Englehardt the wife of the insured. On the 7th day of July, 1860, the policy of insurance in question was, with the defendant's assent, assigned by John Englehardt to Marga-retta his wife. On the 24th day of March, 1861, a fire occurred on the premises in which was the insured property, and by which, as was alleged, a loss occurred, within the terms of the policy. On the 27th day of April, 1861, John Englehardt and his wife prepared, signed and verified preliminary proofs of loss, and served the same upon the defendant. In these proofs they alleged, among other things, that the actual value of the goods insured, at the time of the fire, was $3116.42.

| | |
|---|---:|
| Value of the goods totally destroyed thereby, | $2933.94 |
| Damage to property not totally destroyed, | 107.42 |
| | $3041.36 |

A schedule, marked A., formed a part of such proofs of loss, and was referred to as containing in detail a statement of the property "destroyed and damaged by fire, covered by the defendant's policy, and giving the cash value of said property at the time of the fire, and the loss and damage thereon."

On the 8th day of July, 1861, John and Margaretta Englehardt assigned all their claim under the policy, to the plaintiff, by an instrument which recited a consideration of $1000 for the same. The complaint alleged the issuing of the policy; the various assignments thereof and of the prop-erty: "that on or about the 24th day of March, 1861, the said property, so insured, was damaged and in part destroyed, to the amount of $3000, by fire;" and the necessary steps taken to charge the defendant; and claimed damages for the whole sum covered by the policy. The answer, among other matters, alleged as a defense, fraud and perjury committed by the Englehardts in the preparation of the preliminary proofs; first, as to the value of the property; and second, as

to the amount of the loss. The issues thus joined were brought to trial before the Hon. E. DARWIN SMITH and a jury, at the Monroe circuit, in January, 1864. The plaintiff introduced in evidence the policy sued on, and the conditions thereto attached, one of which was, "That all fraud or false swearing shall cause a forfeiture of all claims on the insured, and shall be a full bar to all remedies against the insurer, on the policy."

| | |
|---|---:|
| The jury found a verdict for the plaintiff for | $412 27 |
| Deducting interest from 27th June, 1861, to day of trial, July 15, 1864, | 74 74 |
| Leaves half of the value of the whole property as the jury found, | $335 83 |
| Or twice this, the whole value as found by the jury, | 675 06 |

The defendant, at a special term held by the learned judge who presided at the circuit moved to set aside the verdict, and for a new trial, on the ground that the verdict was against evidence, and contrary to the charge of the court. The motion was granted, for the reasons stated in the following opinion; which is inserted here as expressing the grounds of Judge SMITH'S dissent to the decision of the general term, upon the appeal.

E. DARWIN SMITH, J. "The verdict in this case is entirely unwarranted by the evidence. The defense was double: 1st. That there was fraud in making the preliminary proofs; and 2d. That the fire originated by design or procurement on the part of the insured. There was evidence on the latter point, which was conflicting, and the verdict of the jury for the plaintiff, on that issue, can not be disturbed.

On the first issue there was much evidence tending to establish the fraud, and the jury were instructed that if any fraud or perjury was committed in making proof of the loss by the insured, or otherwise, the defendant would be entitled to a verdict.

The insured in making out her statement of loss, in the preliminary proofs, stated the value of the property consumed by the fire to be of the value of $3116.42, which statement was verified by her oath. The jury, by their verdict, have found in effect that there was nothing like that amount in value of property in the store, at the time of the fire. By this verdict they must have assessed the whole value of the property consumed by the fire at about $600. So great a discrepancy between the amount claimed and asserted upon her oath by the assured to have been in the store at the time of the fire, and the amount found by the jury to have been there and consumed by the fire, can not be explained on the ground of, or set down to, mere mistake. It was a palpable fraud, at least, on the face of the transaction. When the jury came to the conclusion that the value of the property consumed by the fire did not exceed $600, or thereabouts, they could not, as I think, upon any rational basis, render a verdict for the plaintiff. They might and should overlook any slight error or misstatement, any error which was clearly the result of accident, mistake or misconception, and they were so instructed. But a claim sworn to, of damages sustained from the fire, so much in excess of the fact, could not be accounted for, except on the ground of "willful and deliberate fraud and misrepresentation." A verdict should be consistent with the law of the case, and with the charge. Juries have no right to render capricious or arbitrary verdicts in disregard of the charge of the court and the clear facts of the case. A verdict must rest upon some sound principle, and be consistent with some legitimate theory of the facts, and under the charge. Juries are too apt to render compromise verdicts perfectly inconsistent upon their face, and this I conceive to be such a verdict. Courts must see that the verdict is warranted by some logical interpretation of the evidence. This verdict is in the nature of a *felo de se.*

If the plaintiff had satisfied the jury that the value of the

insured property approximated to the sum stated in the affidavit of the insured; that it was so nearly up to that amount that the insured might honestly have over estimated it, the jury might properly have found a verdict for the plaintiff upon such assumption. But this is not such a verdict. The jury who have tried this cause could not, I think, upon the evidence, have stultified itself so much as to have found that the property consumed by the fire was worth $2000, or $1000. The over valuation was too palpably excessive and extravagant for any finding that such value was any thing near $3000. When they came, therefore, to the conclusion that the amount claimed by the insured was so much in excess of the truth, they were bound to follow such finding to its legitimate result or conclusion, and should, I think, have rendered a verdict for the defendant, upon this issue.

The verdict, I think, ought therefore to be set aside for the error in this case, and for example sake, that jurors may be instructed and required to render rational and proper verdicts in accordance with the legitimate force and requirements of the evidence. There is no safety in jury trials, upon any other theory. I regret very much the necessity for setting aside this verdict, because the trial was a protracted one; and it is much to be regretted that a new trial should be had in it, in the present state of the calendar in Monroe county. But this consideration ought not to be allowed to induce the court to sanction such a verdict, or to refrain from granting a new trial.

The proper administration of public justice, which it is my duty to seek to secure and preserve, requires, as I conceive, that this verdict be set aside, and that a new trial be granted, upon payment of costs by the defendant; and it is so ordered."

The plaintiff appealed from the order, to the general term.

*James C. Cochrane,* for the appellant.

*Geo. F. Danforth,* for the respondent.

JAMES C. SMITH, J.   After an attentive consideration of
this case, I am of opinion that the order for a new trial
should be reversed.   The order was made, as appears by the
opinion contained in the printed case, upon the ground that
the verdict is inconsistent with the belief of the jury in the
honesty of the Engleharts, or the absence of fraud or per-
jury on their part, in the preparation of the preliminary
proofs; or, in other words, as the verdict is for only $412.27,
it shows conclusively, that the jury believed that the Engle-
harts fraudulently stated their loss at more than $3000, and
therefore the verdict should have been in the defendant's
favor.   I think, however, this assumption is not absolutely
correct.   The most that can be claimed is that the verdict
establishes one of the following alternative propositions :
(1.) That the jury, believing the allegation of fraud to be
true, erroneously found for the plaintiff; or (2.) That dis-
believing that allegation, they erroneously rendered a verdict
for a much less sum than the plaintiff was entitled to recover.
If either of these propositions is to be regarded as established
by the verdict, it would seem to be the latter, according to
the intendment of law that a verdict settles in favor of the
prevailing party every question of fact litigated upon the
trial.   We are not to intend that the jury found either of
the issues in favor of the unsuccessful party, for the purpose
of overturning their verdict.   On the contrary, we are re-
quired to hold that every issue was found against the unsuc-
cessful party, if necessary to sustain the verdict.   But if
the jury gave the plaintiff less than he was entitled to recover,
upon the finding of the issues, that is an error of which the
plaintiff, alone, can complain.   If he submits to the verdict,
the defendants can not be heard to insist that it shall be
set aside because it is unjust to the plaintiff.   The argument
on which the defendants' motion for a new trial is based
virtually concedes that if the verdict had been for the whole
amount insured, it could not have been disturbed; but such

increase would not have affected the character or weight of the *evidence* furnished by the verdict, that the jury believed the allegations of the plaintiff upon *all* the issues, to be true. If upon a new trial the plaintiff should recover a verdict for the whole amount of his insurance, upon precisely the same evidence now before us, it is safe to assume that the verdict would not be set saide. I think, therefore, the order granting a new trial on the application of the defendants should be reversed on the ground that the verdict, by intendment of law, finds all the issues of fact in favor of the plaintiff, and its only error is one which the plaintiff alone can be heard to allege.

But if we could overlook the legal intendment above adverted to, and indulge in speculations as to whether the jury did not in fact decide the issue of fraud against the plaintiff, although they found generally in his favor, I should hold that the defendants' claim in that respect is not established by satisfactory evidence. The amount which the plaintiff claimed to recover was not the entire value of the property destroyed or damaged, nor the one half of it, but simply the amount insured by the defendants' policy, to wit. $1000, with interest, perhaps, in the discretion of the jury. (1 *John.* 315, 406. 23 *Wend.* 525.) Nine hundred dollars of the insurance was on the "stock of watches, clocks, jewelry and tools," and one hundred on the "fixtures, show cases, and furniture." Many of the items set out in the schedule contained in the proofs of loss were not covered by the terms of the policy, as appears by a comparison of the two instruments. It is evident, therefore, that the amount of the verdict does not necessarily indicate the valuation which the jury put upon the entire property destroyed by the fire. It is also to be borne in mind that the property consisted of a variety of articles kept in a retail store, many of them in packages and drawers, out of the view of customers or casual observers, and that most of them were of such a description

Wolf *v.* Goodhue Fire Insurance Company.

that different witnesses might honestly entertain widely differing opinions as to their value. In these circumstances it seems to me we should hardly be warranted in assuming that the excess of the valuation of the articles covered by the policy stated in the proofs of loss over that found by the jury, is of itself conclusive evidence that the former was fraudulently made.

But, to present the case in the most favorable light for the defendants, let it be assumed that the verdict is the result of a compromise of opinions on the part of the jurors; that some of them were of opinion the fraud was established, and others thought it was not, and that the verdict is not what either of them alone would have rendered, and is not, *in amount*, the logical result of any possible findings, is it for that reason to be set aside? It may be the result of a deliberate and unanimous conviction that an agreement upon the extreme ground taken by either of the litigants was impracticable, and that it was far better for them, and for the public interests, to terminate the controversy by the verdict that was rendered, than to prolong it by a disagreement. I am not prepared to say that in a case of unliquidated damages such a mode of reaching a verdict is to be condemned. On the contrary, I am apprehensive that if we send this case down to another jury we shall set a precedent which, if generally followed, will lead to very embarrassing and mischievous consequences. At the same time it is proper for me to say, that while I do not think we should interfere with the verdict, I am not altogether satisfied with it. Probably it is not such a decision as any one of the jurors would have come to, if the cause had been tried before him alone, as a referee. But that is merely saying that a verdict is the result of the deliberations of twelve men, and not of one. If the verdict in this case had been attained by any arrangement among the jurors which made it the result of chance, it of course would not be allowed to stand. But as it is not shown to have re-

sulted from any irregularity, or improper motive, and as it does not violate any rule of law, at least to the prejudice of the defendants who alone seek to get rid of it, I am unable to assent to the order setting it aside.

WELLES, J. concurred.

E. D. SMITH, J. dissented.

Order reversed.

[MONROE GENERAL TERM, December 5, 1864. *Welles, E. Darwin Smith* and *James C. Smith,* Justices.]