LOUIS UNGER AND ANOTHER *v.* THE PEOPLE'S FIRE INSURANCE
Co. OF NEW YORK.

SAME *v.* THE NEW AMSTERDAM FIRE INSURANCE Co.

The defendants' policy of insurance provided that all fraud or attempt at fraud
by false swearing or otherwise, on the part of the insured, should cause a for-
feiture of all claim under the policy.  *Held,* in an action for a loss under the
policy, that the fact that the plaintiffs in their preliminary proofs of loss and
in their testimony on the trial, swore that their loss was a great deal—*e. g.,* one
half—more than it was found to be by the referees to whom the issues in the
action were referred, is not even presumptive evidence of false swearing or of
fraud on the part of the insured, within the meaning of the policy.

In such a case, the plaintiffs have the right to testify as to what they believe to
be their loss, and no matter how much that may exceed their recovery in the
action, fraud will not be deemed to be established, unless it appears: 1.
That there were no such goods of such value destroyed, and 2. That the in-
sured knew, or must have known, the fact when they swore to their preliminary
proofs of loss.

Where, on the trial of an action on a policy of fire insurance, the plaintiffs swear
to their loss at a certain fixed sum, and the defendants introduce circumstantial
evidence to show that it could not have been more than a certain smaller sum,
*it seems* the referee or jury is not bound to adopt either estimate, but may
give a verdict for an intermediate sum, and *Held,* if it is an error, it is one of
which the plaintiff alone can complain.

APPEALS from judgments of this court entered in favor of
the plaintiffs, January 21, 1871, against the People's Insurance
Company, for $2,646 76; the New Amsterdam Company,
for $3,114 61.

The judgments were entered upon the report of referees.
Each action was referred to three referees, one, a lawyer, was
appointed by the court, and one chosen by the defendants and
one by the plaintiffs.

The property insured was contained in the building 503 and
505 Broadway, in this city, and consisted of a stock of ribbons,
fringes, &c., &c.  The policy of the People's Company was
$2,500, that of the New Amsterdam was $3,000.  There were
policies in two other companies; the Merchants' & Mechanics',

for $2,500, and the Western for $3,000. Total insurance, $11,000, of which $400 was upon office furniture, leaving $10,600 upon the stock. The plaintiffs claimed that their loss exceeded the total of all the policies together, and therefore demanded the total amount of each policy from the company issuing it. The plaintiffs, in their preliminary proofs of loss, claimed that the actual cash value of the property insured was $16,336 23, and that their loss amounted to that sum, being $9,989.03 for property totally destroyed, and $6,347 20 for property damaged. The defendants claimed that the whole loss did not exceed $4,600, and set up, as a bar to recovery, that the plaintiffs, in their said sworn proof of loss in claiming it to be $16,336 23, were guilty of fraud, attempt at fraud and of false swearing, which avoided the policies according to a stipulation in the policies against fraud, attempt at fraud and false swearing.

The referees found that the total loss was $9,172 88, instead of $16,336 23, which loss was made up of total loss, $6,500; damage to goods, $2,600 15; empty boxes, $72 73; making a total of $9,172 88. They therefore awarded against each company damages on its policy proportioned to the total loss and total insurance: so that against the People's Co., on its policy of $2,500, the award was $2,163 42 and interest, and against the New Amsterdam Co., for its policy of $3,000, the award was $2,596 09 and interest.

From the judgments entered on the report of the referees, the insurance companies appeal.

*Howard Ellis*, for appellants.

*Geo. C. Barrett*, for respondents.

By THE COURT.*—JOSEPH F. DALY, J.—The plaintiffs were their own chief witnesses to prove their loss. They swore it up to the sum of $9,989 03 for goods totally destroyed (exclusive of damage to goods partially destroyed, which had been by arbitration fixed before the judgment at $2,600 15). The referees

---

* Present DALY, CH. J., LARREMORE and J. F. DALY, JJ.

found the value of the goods totally destroyed at $6,500. The fact that the plaintiffs in their preliminary proofs, and in their testimony on the trial, swore that their loss was about $3,489 03 more than the referees found it to be, is not even presumptive evidence of false swearing or of fraud. If it were, then it would be dangerous for the insured to make in any case a claim of loss, or to attempt to prove it in court, lest the referees or jury should find for them less than they claimed, and their policies be avoided. They have the right to testify to what they believe to be their loss, and no matter how much that may exceed their recovery, no fraud can be predicated of a result which is due to the judgment of the tribunal alone, unless two points be established against them: *i. e.*, that there were no such goods of such value destroyed; and that the insured knew, or must have known, the fact when they swore to their preliminary proof of loss; otherwise it is the misfortune and not the crime of the claimants that the court or jury refused to award them the full sum they swore to. The report of referees or verdict of a jury for a lesser sum, when based on evidence sufficient to support it, is deemed conclusive for the purposes of the particular action as to the actual loss, whether the finding be attacked by the insured or the insurer, but it is not conclusive of false swearing or fraud, particularly where it is not based on positive testimony as to that amount, and that only given in contradiction of the insured. The evidence offered by the defendants of the loss was circumstantial, and did not conclusively establish the *impossibility* of there being goods destroyed as claimed by the plaintiffs. Under such circumstances, there was nothing to sustain a finding of false swearing or fraud, and the referees in these cases might properly find the contrary.

It is no objection to the report and judgment that the referees found for the plaintiffs less than the latter positively swore to. The defendants offered evidence as to the loss being at most not more than $4,600. They did this by a number of witnesses who swore to the extent of the fire, its slight character, the position and condition of the goods found after it, the damage to the bins, shelving, &c., where the goods were alleged to be when the fire took place, the size of the store or room, &c., &c.,

all which tended to show that the loss claimed by plaintiffs was improbable. All these were probably taken into consideration by the referees, and due allowance made for them, resulting in the finding of a smaller loss, and the award cannot be therefore said to be an arbitrary compromise, or guess-work, or without evidence to support it. The point has been discussed in the courts before, in cases where the jury has found even a smaller sum, proportionately, than in this case against a larger claim by the insured. It has been held to be no objection to the verdict, and to be an error, if an error, of which the insured alone can complain ( *Wolf* v. *Goodhue Ins. Co.* 43 Barb. 400).

The referees certainly had evidence before them to sustain their finding, and even to sustain a finding for a larger amount. If they had found for the whole claim of the plaintiffs, the defendants would, according to their own argument, have had less to complain of, since the only two points of law relied on by them, viz.: fraud and false swearing, and a compromise finding, would have been out of the case. It is no objection to the recovery that it was for a lesser sum than claimed, so long as the plaintiffs do not appeal from it.

I cannot see, under the common practice and course of decisions in the courts, how we can review the finding on the conflicting testimony. The plaintiffs are made competent witnesses by statute, and the referees have the right to credit their evidence. The considerations urged by the defendants on the appeal are more proper to be addressed to the referees than to the appellate court. Whatever suspicion attaches to the statement of the plaintiffs, because it was given after the adjournment, when they might have committed to memory their preliminary proofs of loss, and rehearsed them as the result of refreshed recollection or original effort of memory, is disposed of by the fact that the referees chose to believe them, after seeing and hearing the witnesses themselves, and being convinced of their truthfulness, or, at least, of their honest intention to be truthful. I should be the more unwilling to disturb the finding, because the tribunal before which the issues were tried was constituted so as to afford good guaranties for its impartiality. There were three referees—one named by each of the parties, and one

by the court. It was as reliable a tribunal as any jury box. If such findings are to be questioned, because there is a conflict of evidence, it would be difficult to say where and from what source an impartial judgment could be obtained.

The judgments should be affirmed.

Judgment affirmed.