Vanscoy v. Bigelow.

# G. W. VANSCOY
## v.
## C. L. BIGELOW ET AL.

*Replevin—Sales—Delivery of Possession—Sufficiency of—Instructions —General Objections.*

28   301
59   91

In an action of replevin to recover a coal office, shed and scales taken under an execution against a third person, it is *held:* That the transfer of the property to the plaintiffs upon a sale before the levy of the execution was not fraudulent, the possession taken being sufficient in view of the nature of the property sold; and that, in the absence of specific objections, no error in the instructions appears.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Livingston County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. STRAWN & PATTON, for appellant.

Messrs. H. H. McDOWELL and A. E. HARDING, for appellees.

C. B. SMITH, J.   This suit is in replevin and brought by appellee against appellant, charging him with wrongfully taking from appellee one coal office, one coal shed and one four-ton Howe scales. Vanscoy was a constable and took the property from appellees by virtue of an execution in his hands, issued upon a judgment rendered by a justice of the peace

against one John W. Eagle, in favor of Richard Evans, October 24, 1887, for $200. The execution was issued on the same day the judgment was rendered. Appellees bought the property in good faith and for a valuable consideration November 3, 1885, long before the debt upon which judgment was taken had any existence. Appellant charges no fraud nor want of sufficient consideration in the transfer and sale from Eagle to appellees, nor does he claim he had any debt against Eagle at the time of the sale, nor that he afterward trusted Eagle on the supposition that Eagle owned the property in controversy. The only point he makes is that the delivery of the property to appellees by Eagle, was not sufficient to invest them with title as against creditors. The verdict and judgment was for appellee.

The facts about the delivery are that after appellee purchased the property and assumed the payment of two chattel mortgages, amounting to about $451, appellees and Eagle went to the coal sheds and coal office, and the keys were delivered to appellees and possession taken, and the keys thus delivered were within an hour again delivered to Eagle, who appears thereafter to have had possession for appellees.

Appellant now contends that this transfer is fraudulent, and that no sufficient evidence of delivery was shown to be valid against creditors. We think that the possession taken was all the law required, considering the nature of the property transferred and sold, and that it was sufficient to transfer the title to appellee.

Appellant complains that the instructions were erroneous but points out no specific error, nor does he state in which of the numerous instructions given, the error, whatever it is, may be found.

We have been unable to find any error in the instructions or the record, and the judgment will be affirmed.

*Judgment affirmed.*