## Kellogg Newspaper Company v. Emil Peterson.

1. SALES—*Personal Property—Delivery.*—The locking of the door to premises in the possession of the vendor where goods are situated and the delivery by him of the keys to the vendee is a good delivery of the possession of heavy printing machinery and appliances when coupled with the intention to do so.

2. ISSUES OF FACT—*When Necessary to Sustain the General Verdict.* —The court will hold that every issue of fact litigated was found against the unsuccessful party, if necessary to sustain the verdict.

3. JURY—*Fixing Value of Property.*—The jury have the right, in arriving at values of property where the testimony of the parties differ, to add to one side and subtract from the other.

Trover.—Appeal from the Circuit Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 3, 1895.

THORNTON & CHANCELLOR, attorneys for appellant.

W. J. LAVERY, attorney for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was an action in trover to recover the value of six photogravure printing presses, together with rollers; one office desk and chair, one acid tank, lead lined, one Anson Hardy paper cutter, one office table, five lithograph stones, and six brass rubber tympans, of the alleged value of $2,500. Upon the verdict of a jury judgment was entered in favor of the appellee for $1,250, from which this appeal is prosecuted. There is no controversy over the substantial facts.

It appears that one F. B. Schuchardt was for some years prior to February 26, 1892, in the photograph printing business, and occupied the seventh floor of the building owned by appellant, under a lease thereof. Becoming indebted to the appellee in the sum of $1,000, for borrowed money, and being called upon by appellee for the payment and being unable to pay, he offered to sell to the appellee the articles

of property above specified in satisfaction of the debt, and the offer was accepted. This was done on the premises on February 26th, about noon. Schuchardt and the appellee then went out and had a bill of sale drawn up and executed, and filed for record, and they then returned to the premises and locked them up, and. Schuchardt gave the keys to appellee, who retained them.

On the next day, which was Saturday, the appellee gave the keys to his drayman and directed him to go and get the property and take it to a storehouse.

The drayman went with his teams on Monday, following, to get the property, but was refused access to the floor of the building where it was situated, by the appellant, through its agents, and appellee never got the property.

Some correspondence ensued between appellee and appellant which resulted in nothing more than the assertion of a claim or lien by appellant on the goods for rent, and on March 10, 1892, the appellant levied on them under a distress warrant, in which proceeding they were subsequently sold.

From the time the keys were delivered by Schuchardt he never, so far as appears, exercised any control or ownership over the property; and Schuchardt testified that on the day after the sale was made he told the secretary of the appellant, who seems by his testimony to have been the executive officer of appellant, that he had sold the property to appellee and that he was going to remove it. The question is simply whether the sale was one that was fraudulent as against appellant.

It is not necessary to dispute the proposition of the appellant with reference to what the law is, where personal property, the subject of a sale, is left in the possession of the vendor, as against creditors or subsequent purchasers without notice. With trifling exceptions, the property in question was heavy printing machinery and appliances. In its nature it was not susceptible of immediate removal. But, whether so or not, we think the locking of the entrance door to the premises where the goods were situated

and the delivery of the keys to appellee, who never gave them back to the vendor, was a good delivery of possession.

The premises were at the time the premises of the lessee, the vendor of the property, and his surrender of their possession by a locking of the door and a delivery of the keys was, when coupled with the intention to do so, a sufficient transfer of the possession of the goods therein situated.

The cases of May v. Tallman, 20 Ill. 443, Hart v. Wing, 44 Ill. 141, Ticknor v. McClelland, 84 Ill. 471, and Vanscoy v. Bigelow, 28 Ill. App. 301, recognize the doctrine that all that is required, is that the delivery of possession shall be such as the property from its character is susceptible of.

Moreover, a question that was before the jury and found by them adversely to the appellant, was as to whether appellant had notice or not, on the next day after the sale, that Schuchard had sold the property to appellee, and that he (appellee) was going to remove it, and such notice, so found to have been given to appellant, was ten or twelve days before the distress warrant was levied.

We are required to hold that every issue of fact that was litigated was found against the unsuccessful party, if necessary to sustain the verdict. Wolf v. Goodhue Fire Ins. Co., 43 Barb. 400. So, in either aspect of the case, there was no fraud in fact or in law, that appellant can complain of.

The only other error that is argued is that the verdict, finding the damages at $1,250, is not supported by the evidence. It is true that no witness placed the value of the property at the sum found by the jury. The least value placed upon it by the two witnesses who testified for appellee was $2,400, and the value named by the one witness for appellant was $600. Manifestly the jury exercised their right to add to the testimony on one side and take from that on the other, but doing so was not error.

There was evidence upon which the jury might have found a much larger verdict for the appellee, although, also, there was evidence upon which they might have found a less verdict.

It is no argument for appellant that if the verdict had

been for a larger sum than was found, there would have been no cause for it to claim error.

The case of Wolf v. Goodhue Ins. Co., 43 Barb. 400, cited in Florsheim v. Dullaghan (No. 5621 this term, filed May 16, 1895), discusses that question well and conclusively.

The judgment of the Superior Court is affirmed.