# CHARLESTON.

BLAIR-PARKE COAL AND COKE COMPANY *v.* FIEDLER-DAVIS FUEL COMPANY

(No. 5159.)

Submitted February 24, 1925.   Decided March 3, 1925.

1.  NEW TRIAL—*If Plaintiff is Willing to Accept Verdict for Less Than he is Entitled to Recover, it Will Not be Set Aside and New Trial Awarded for That Reason Alone.*

    Where, in a suit in assumpsit, the verdict is for plaintiff in an amount less than he is entitled to recover, such verdict will not be set aside and a new trial awarded for that reason alone, on defendant's motion, if the plaintiff is willing to accept the verdict of the jury.   (p. 377).

    (New Trial, 29 Cyc. pp. 848, 924.)

2.  TRIAL—*On Verdict for Sum Certain, Further Finding That Each Party Shall Pay His Own Costs May be Disregarded.*

    Where there is a verdict of the jury for a sum certain, and the further finding that each party shall pay his own costs, the finding as to costs may be regarded as mere surplusage.   (p. 377).

    (Trial, 38 Cyc. p. 1890.)

    (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Monongalia County.

Action by the Blair-Parke Coal & Coke Company against the Fiedler-Davis Fuel Company.   Verdict for plaintiff was set aside, and new trial granted, and plaintiff brings error.

*Reversed, and judgment on verdict entered.*

*William S. Haymond* and *Frank C. Haymond,* for plaintiff in error.

MILLER, JUDGE.

This suit in assumpsit was brought to recover the price of two cars of coal purchased by plaintiff from defendant and

paid for, but which were not delivered to plaintiff's customer designated in the contract for sale and purchase. The purchase price of the coal was $1,653.60. The jury returned a verdict in favor of plaintiff for $1,150.00, which the trial court, on motion of defendant, set aside. From the order setting aside the verdict and granting defendant a new trial, the plaintiff obtained this writ of error.

The plaintiff is a corporation located in the city of Philadelphia, engaged in the business of buying and selling coal; and defendant is engaged in the coal business at Morgantown, W. Va. The first negotiations leading up to the sale and purchase of the coal in question were had by telephone between Mr. Kenna Clark, plaintiff's agent at Fairmont, W. Va., and Mr. Stanley H. Fiedler, president of the defendant company. At that time Clark informed Fiedler that plaintiff would take 45 cars of coal, at $13.00 per ton, to be delivered to the Tidewater Coal Exchange, Pool 34, to the account of Coale & Company. A few days later, about August 7, 1920, plaintiff forwarded to defendant a formal order for the 45 cars of coal, to be shipped to the Tidewater Coal Exchange, account of Coale & Company. This order was accepted in writing by defendant.

It appears that at the time of the conversation between Clark and Fiedler, defendant had in transit, consigned to Tidewater Coal Exchange, account of American Fuel & Shipping Company, 34 cars of coal, and having become dissatisfied with the credit of the consignee, Fiedler decided to have this coal transferred to the account of Coale & Company, to fill the contract made with plaintiff. About August 17th or 18th, Fiedler visited the offices of plaintiff in Philadelphia and requested Mr. Carlisle, plaintiff's general manager of sales, to assist him in having the 34 cars transferred to Coale & Company. Defendant was not a member of the Tidewater Coal Exchange; and it appears that only members of the exchange could have transfers made among themselves or to or from other shippers or consignees. Carlisle referred Fiedler to plaintiff's agent at Baltimore, Mr. Sellman. The evidence is conflicting as to what occurred at Baltimore. Sellman testified that he intro-

duced Fiedler to the officers of the exchange, but took no further steps toward the transfer of the coal consigned to account of American Fuel & Shipping Company. Fiedler insists that Sellman undertook, and promised to have the coal transferred. By some means, all the coal with the exception of the two cars sued for was transferred to the account of Coale & Company; and the parties were advised by the Tidewater Coal Exchange that all of the coal had been transferred. Upon this representation and the advice of the defendant, that all the coal had been so transferred to the account of Coale & Company, plaintiff paid for all the coal ordered; but did not discover the error until some time in April of the following year.

Fiedler insists that he told Clark, at the time of their telephone conversation, that a part of the coal was then in transit to the account of American Fuel & Shipping Company. This Clark denies. Carlisle says he knew nothing of the coal being in transit at the time of the contract, until he was so informed by Fiedler, when the latter visited the plaintiff's offices in Philadelphia. On the conflicting evidence, this question and the question as to who assumed the responsibility to have the 34 cars of coal transferred to plaintiff's customer, were decided by the jury in plaintiff's favor.

No appearance has been made in this court by counsel for defendant, and no brief filed. In their brief, plaintiff's counsel insist that the only question argued and passed on by the trial court, on the motion for a new trial, was defendant's contention that the jury could only find for plaintiff in the full amount of its claim, or for the defendant. But the record does not show on what ground the court set aside the verdict and awarded the new trial. In its motion defendant assigned also as error, the rulings of the court on the introduction of evidence, the rulings on the submission of instructions to the jury, and that the verdict was contrary to law and the evidence in the case. We have examined the evidence and find no error in that regard. From the record it does not appear that the trial court refused to submit to the jury any instruction offered by the defendant. The instructions given

at the instance of plaintiff are fully supported by the evidence introduced and the law of the case. And in view of the fact that counsel for defendant have not appeared and pointed out specifically the errors in the evidence and instructions relied on, we do not deem it necessay to make further comment on these points. In fact, the record does not show that objection was made to any instruction offered, or to the rulings of the court on the submission of instructions.

On the motion for a new trial plaintiff appeared and signified its willingness to accept the verdict of the jury, and resisted the motion to set aside the verdict. It is true that plaintiff, if entitled to a verdict, was entitled to the full amount of its claim, being the price paid for the two cars of coal. Plaintiff might have been entitled to a new trial; but defendant could not be prejudiced by a verdict in a lesser amount than plaintiff was entitled to. A party will not be heard to complain of errors on the trial by which he is benefited, and his motion for a new trial should be overruled. *Alderman* v. *Cox,* 74 Mo., 78; *Smith* v. *Lee,* 82 Ga., 674; *Wood* v. *Belden,* 54 N. Y., 658; *Wolf* v. *Goodhue Ins. Co.,* 43 Barb., 400; 29 Cyc. pp. 847, 924; 47 L. R. A., note p. 49.

The verdict of the jury was: "We, the jury find for the plaintiff and assess its damages at $1,150.00, and we further find that each party shall pay its own costs."

The finding that each party should pay its own costs was not within the province of the jury and is to be regarded as a mere surplusage. Such surplusage in no way affects the general finding. *State* v. *Greer,* 22 W. Va., 800; *Martin* v. *Ohio River Railroad Co.,* 37 W. Va., 349; *Harvey* v. *Com.,* 23 Gratt., 941. The question of costs is one of law for the court. The prevailing party is entitled to costs.

The judgment will be reversed; and this court will enter such judgment on the verdict finding for plaintiff in the sum of $1,150.00, as the lower court should have entered, disregarding the finding of the jury as to costs.

*Reversed, and judgment on verdict entered.*