ERICH T. KOEHLER *vs.* JOHN F. KENDALL.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, Js.

A defendant cannot object to the inadequacy of a plaintiff's verdict.

Where it was admitted that the collision between approaching automobiles occurred before the plaintiff had arrived at an intersection where he intended to turn to the left, and after the defendant had passed it, the trial court properly instructed the jury that the statute defining the duty of an operator when turning to his left upon reaching an intersection did not apply to the situation.

If the attention of the jury is called to the several grounds of negligence alleged and relied upon by the plaintiff, the failure of the trial court to amplify its instructions upon this point is not, in the absence of requests to charge, harmful error.

The evidence offered by the plaintiff in the present case reviewed and *held* to support the verdict for the plaintiff.

Argued November 10th—decided December 16th, 1926.

ACTION to recover damages for injuries to the plaintiff's automobile, alleged to have been caused by the defendant's negligence, brought to the Superior Court in · New Haven County and tried to the jury before *Jennings, J.;* verdict and judgment for the plaintiff for $500, and appeal by the defendant. *No error.*

*Delancey S. Pelgrift,* with whom, on the brief, was *Jacob Schwolsky,* for the appellant (defendant).

*David A. Cronin,* for the appellee (plaintiff).

PER CURIAM. The motion to set aside the verdict is based upon two grounds: (1) that under the evidence if the jury found the issues in favor of the plaintiff, the verdict should have been for at least $900, while it was for $500. The plaintiff might, the defendant cannot, object to the inadequacy of the verdict. More-

over, the evidence shows that the jury might reasonably have reached this verdict in estimating the damages. And (2), that whether the explanation of the collision by the plaintiff or defendant be accepted, it must be held that the plaintiff, in keeping to the center of the Bethany highway, did not give the defendant, approaching him from the south or opposite direction, a fair opportunity to pass him. This claim misconceives the evidence offered by the plaintiff which the jury might have found proved, that is, that when the defendant had arrived at a point about one hundred feet north of the north intersection of Bethany Road and Seymour Road, the plaintiff was traveling slowly, exactly in the middle of the traveled way, and when about fifty feet south of the south intersection he signaled defendant, who was approaching on the Bethany Road in the opposite direction, that he was about to turn to his left, or westerly, into Seymour Road, and on observing that his signal was not heeded, he turned his automobile to the right side of the Bethany Road and gave defendant plenty of room to pass, but defendant turned his car to his left and struck plaintiff's car.

Defendant assigns as error the court's instruction to the jury that the statutory duty of the plaintiff on reaching the intersection of the centers of such highways when turning to the left did not apply to the situation before the jury. The instruction was right, whether the jury found the point of collision as defendant testified, fifty-two feet, or as plaintiff testified, about thirty-two feet, south of the southerly intersection. Plaintiff had not yet come to the intersection and defendant had passed it when the collision occurred.

The defendant's final assignment of error is the failure of the court to sufficiently instruct the jury upon the several allegations of negligence upon which

plaintiff relied. The court did refer to these—the excessive speed of defendant's car, his failure to slow down upon approaching this intersection, and his failure to have his car under control. In the absence of a request to charge upon this point, and in view of the fact that the jury had before them the evidence of the several grounds of negligence upon which plaintiff offered evidence and relied, and had these called to their attention in the charge, we are of the opinion that no harmful error was committed in not amplifying the instructions upon this point.

There is no error.