MALDEN TRUST COMPANY *vs.* LOUIS PERLMUTER & others.

Suffolk.    February 1, 1932. — February 3, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Verdict, New trial.

There was no error in the denial of a motion by a defendant for a new trial of an action of contract where it appeared that at the trial the judge charged the jury in substance that if they found for the plaintiff their verdict should be for a certain principal sum with interest at seven per cent, and the verdict returned was less than a sum so computed, it not appearing as a matter of law that such verdict was a compromise verdict, and no abuse of discretion in such denial being shown.

CONTRACT. Writ in the Municipal Court of the City of Boston dated November 8, 1930.

On removal to the Superior Court, the action was tried before *Broadhurst,* J. There was a verdict for the plaintiff in the sum of $6,421.40. To the denial of a motion for a new

trial in the circumstances stated in the opinion, the defendant alleged exceptions.

*M. B. Holsberg*, for the defendant Perlmuter.

*R. A. Hunt*, for the plaintiff.

RUGG, C.J. This is an action of contract on a promissory note made by a corporation and indorsed by the defendant Perlmuter, hereafter referred to as the defendant. There was testimony tending to show that the original rate of interest on the note was five per cent; that the rate was subsequently changed to five and one half per cent, then to six per cent, and finally to seven per cent; and that payments of interest as indorsed on the note were calculated at these successive rates. Confessedly nothing had been paid on the principal of the note. The case was submitted to the jury on the question whether the defendant knew of or assented to the changes in the rate of interest, the testimony being conflicting on this point. The presiding judge charged the jury, without exception, "If you find for the plaintiff . . . your verdict will be for a lump sum which will include the principal amount . . . and interest on it at the rate of seven per cent," after subtracting from the total a conceded amount. The jury found for the plaintiff in a sum which the defendant contends does not represent, but is less than, the principal sum of the note with interest at seven per cent with the stated deduction. The defendant seasonably filed a motion for a new trial on the ground that the verdict was against the evidence, the weight of the evidence and the law, and contrary to the instructions of the presiding judge. At the hearing the trial judge stated that he would grant the motion, if at all, only to order a new trial on the question of the amount due. Counsel for the defendant stated that he desired a new trial on the merits. The motion was denied. The only exception is to the order denying the motion for a new trial.

No requests for rulings of law were made at the hearing on the motion for a new trial. It is familiar law that the granting or denial of such a motion rests in sound judicial discretion unless at the hearing upon such motion some question of law is presented which could not have been

raised at the trial on the merits or which could have been so raised and is entertained by the judge. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 24, 25. *Costello* v. *Hayes*, 249 Mass. 349, 356. No such question of law is here presented. The defendant contends that the verdict shows on its face that the jury could not have followed the instructions of the judge as to the rate of interest because the amount of the verdict is less than the face of the note plus interest at the rate of seven per cent after making the stated deduction, and that therefore the verdict must have been a compromise on the question whether the defendant assented to the rate of seven per cent. See *Simmons* v. *Fish*, 210 Mass. 563, 570. This result does not necessarily follow. It may be that the jury made a mistake in casting the interest. The error, if any, was to the financial advantage of the defendant. In any event, the case at bar falls within the general rule that the granting of a motion for a new trial rested in the sound judicial discretion of the trial judge. There is nothing to indicate abuse of discretion. *Commonwealth* v. *Barney*, 258 Mass. 609, 610. *Energy Electric Co., petitioner*, 262 Mass. 534, 537–538. *Big Rapids National Bank* v. *Peters*, 120 Mich. 518. The case is quite distinguishable from *Cunningham* v. *Magoun*, 18 Pick. 13, *Lufkin* v. *Hitchcock*, 194 Mass. 231, and other cases upon which the defendant relies.

*Exceptions overruled.*