RUFUS GILES *vs.* LEVI R. PERKINS.

Penobscot.    Opinion, October 4, 1941.

*Cecil H. Burleigh and Tupper & Harris,* for plaintiff.

*Benjamin W. Blanchard,* for defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

MANSER, J.    This is an action for damages arising from per-

sonal injuries to the plaintiff, a pedestrian, and sustained from being struck by a truck owned and driven by the defendant. Verdict was for the plaintiff in the sum of $600. The case comes forward on the ordinary motion by the defendant, seeking a new trial, on the grounds that the verdict was against law and evidence and the damages awarded were excessive.

As to liability, counsel for the movant relies solely upon the claim of contributory negligence on the part of the plaintiff. Examination of the record shows that a typical jury question was presented on this issue and there was ample support for the finding that the plaintiff was in the exercise of due care. It was not against the weight of evidence.

The other point argued for the defense is that the verdict for the plaintiff should be set aside because the damages awarded him were clearly inadequate, although the formal motion alleged them to be excessive.

It might well be contended that a party could not be heard to assert a reason diametrically opposite to that alleged in the record. The plaintiff, however, seeks no advantage from the incompatible allegation and argument, but counters the point actually raised. Having in mind that the motion also asserts that the verdict was against law and evidence and is entitled to consideration upon all phases thereby included, it is proper to pass upon the contention presented, that there may be clarification of judicial decision in this jurisdiction thereon.

It is true that our Court, in common with the major trend, has laid down the rule that even in tort cases, verdicts will be set aside when their manifest inadequacy demonstrates a clear disregard of testimony. *Leavitt* v. *Dow*, 105 Me., 50, 72 A., 735; 134 Am. St. Rep., 534; *Conroy* v. *Reid*, 132 Me., 162, 168 A., 215; *Chapman* v. *Portland Country Club*, 137 Me., 10, 14 A. 2d, 500. These cases are clearly distinguishable from the instant case.

The principle that there must be prejudicial error to the complaining party to justify granting a new trial is inherent in our jurisprudence.

In *Philbrook* v. *Burgess,* 52 Me., 271, 278, where the instructions to the jury were erroneous, the court observed:

"But they were in favor of the defendant; and he cannot complain."

The same rule has application, whether the error be by the court or the jury. The exact statement is made in 29 Cyc., p. 848, and practically reiterated in 46 C. J., p. 290, §253, that a new trial for inadequacy of damages will not be granted on the application of the party against whom they were awarded. Cases in point are cited thereunder from many jurisdictions.

In the instant case, the position taken by the plaintiff is that if anyone is aggrieved, it is he, and he does not complain. The great weight of authority supports this position. It is well stated in *Wolf* v. *Goodhue Ins. Co.,* 43 Barb., 400, 405, as follows:

"If the jury gave the plaintiff less than he was entitled to recover, upon the finding of the issues, that is an error of which the plaintiff, alone, can complain. If he submits to the verdict, the defendants can not be heard to insist that it shall be set aside because it is unjust to the plaintiff."

*Motion overruled.*