## 29777. SINCLAIR REFINING COMPANY *v.* SEAGRAVES *et al.*

DECIDED MARCH 10, 1943.

*Alston Foster, Sibley & Miller,* for plaintiff in error.

*John H. Hudson, W. E. Buckner, Smith, Smith & Bloodworth, R. E. Lee Field, Croom Partridge,* contra.

BROYLES, C. J. R. C. Daubs brought suit in the civil court of Fulton County against L. J. Seagraves and Sinclair Refining Company, to recover damages for the destruction of a steel truck tank used to transport gasoline. Seagraves, instead of filing an answer in that court, filed in the superior court his equitable petition in which he named R. C. Daubs and Sinclair Refining Company as codefendants; asked for $5000 damages for injury to his building, which occurred when the tank of Daubs was destroyed by an explosion; and prayed that prosecution of Daubs' suit be enjoined, and that said suit be "transferred and consolidated with this suit, so that all the issues may be tried and determined in the superior court." The court so ordered, and the case was tried as a common-law action for damages. The jury returned a verdict in favor of Seagraves, and against Sinclair Refining Company for $2000, and in favor of Daubs, and against Sinclair Refining Company for $600. Sinclair Refining Company's motion for new trial was overruled, and that judgment is assigned as error.

The evidence amply authorized the jury to find that the truck of Daubs was destroyed, and that the building of Seagraves was badly damaged, by an explosion which occurred because of the negligence of the agents of Sinclair Refining Company.

Special grounds 1, 2, and 3 allege that the amounts found in favor of Daubs and Seagraves were excessive. We see no merit in these grounds. Grounds 4, 5, and 6 allege that the evidence failed to disclose any facts showing with reasonable certainty what the cost would be of restoring the building of Seagraves to the condition it was in immediately preceding the explosion, and therefore there was no legal basis for the verdict of $2000 in his favor. The evidence authorized the jury to find, that Seagraves paid $6800 for the building at some time before the explosion (and there was no evidence of any material deterioration of it) ; and that the reasonable cost of restoring the building to its condition before the explosion would be $5000. Under that evidence a verdict in favor of Seagraves for $5000 would have been authorized, and the refining company can not complain that the jury returned a smaller verdict. In ground 7 it is alleged that the evidence failed to show

the fair, reasonable, or market value of the truck of Daubs immediately before or immediately after the explosion, and therefore the verdict in his favor was not based on any evidentiary data. In this connection the jury were authorized to find the following facts: Daubs bought the truck for $500, and had spent several hundred dollars in adapting it to his particular use for transporting gasoline. The truck was bought on March 7, and brought to Atlanta on March 14, and had made only one trip before it was destroyed in the explosion of the following April. The total cost of the truck and the material and labor put on it after it was bought (not counting the tires which were not destroyed in the explosion) was $690. Such a truck was worth seven or eight hundred dollars. And the evidence contained three photographs showing the condition of the truck after the explosion. We think this evidence was sufficient to authorize the jury to find that the value of the truck before the explosion was $690, and that after the explosion it was worth $90.

The remaining grounds are based on alleged errors of commission and omission in the charge of the court. The grounds, when considered in the light of the charge as a whole and the facts of the case, show no cause for a reversal of the judgment.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*