### SHLOPAK v. DAVISON.

#### No. 113.

Municipal Court of Appeals for the District of Columbia.

Oct. 11, 1943.

---

Albert Lyman, of Washington, D. C., for appellant.

Edward S. Duvall, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Plaintiff sued for possession of real estate on the ground of non-payment of rent and, as authorized by the Code, Section 16—512, and by Municipal Court rules, joined in the complaint a claim for a money judgment in the sum of $1,306.85, for rent in arrears. Defendant admitted owing approximately $187.50. Trial was by jury and resulted in a verdict for possession and in a money judgment for $600. Defendant filed motions for new trial, in arrest of judgment, and for judgment non obstante, all of which were overruled by the trial judge. Two principal points are involved on this appeal: (1) Exclusion of certain evidence, and (2) the refusal of the trial judge to set aside the jury's verdict.

I. The defense was that defendant had discharged the amounts due for rent, in cash and by expenditures for repairs and improvements.

To establish his contention defendant offered his wife as a witness. She testified concerning the allegedly bad condition of the house and concerning various repairs they had made, describing such repairs in some detail. She referred among other things to a leak in the roof, repapering of walls, painting, repairs to floors, and installation of a hot water heater; she testified that the bills for these repairs were given to one Lockwood, at one time an agent of the owner and who had died before the time of the trial; she testified also that from the beginning the cost of such repairs had been accepted as rent and that the bills had been given to said Lockwood.

During her direct examination she was asked the following question: "Did you and your husband make any agreement with Lockwood with respect to accepting the repair bills in lieu of rent?" Plaintiff objected on the ground that it involved transactions with a deceased person, that such testimony was prohibited by the Code, Section 14—302, and further that it was an attempt to vary a later lease with one Conner by parol evidence and to impeach what the plaintiff called an account stated with said Conner.

The court ruled that defendant would be permitted to examine the witness fully regarding repairs made while Lockwood was agent, how the repairs were paid for, whether out of the rent or otherwise, and whether plaintiff acquiesced in the payment of repairs by Lockwood, but excluded any conversations with Lockwood with respect to such an alleged agreement. It is this ruling which defendant charges was erroneous.

The announcement by the trial judge as to the scope of inquiry that he would permit amounted almost to an invitation to defendant to develop his proof along those lines. Conforming to that ruling, defendant did (as we point out elsewhere herein) produce considerable testimony as to repairs, etc. But as to the conversation excluded he made no offer of proof. We can therefore neither surmise what the evidence would have been, nor pass upon its admissibility. Herencia v. Guzman, 219 U.S. 44, 31 S.Ct. 135, 55 L.Ed. 81; McCurley v. National Saving & Trust Co., 49 App.D.C. 10, 258 F. 154; Steger v. Cameron, 71 App.D.C. 202, 109 F.2d 347. We think the offer of proof should have been made, not to meet a technical requirement but to lay the foundation for an affirmative showing of error.

We point out also that upon oral argument here defendant's counsel admitted that he had succeeded in getting in through the "back door" substantially all the evidence he had, dealing with repairs, the nature and

cost thereof, and the acceptance of repair bills in lieu of rent during the period that the deceased agent Lockwood had handled the property. Seemingly this evidence had substantial weight with the jury, for the verdict reduced plaintiff's claim by more than $700.

Moreover, defendant seems to have acquiesced in the ruling. When he was on the stand later in the trial he volunteered a statement regarding conversations with Lockwood. On plaintiff's objection the statement was stricken and the jury instructed to disregard it. To this ruling defendant made no objection and propounded no questions as to the alleged agreement with Lockwood; nor did he then offer to prove what the testimony would be.

Looking at the whole situation as it happened in the trial court we are satisfied that the rulings on this point were free of error.

II. The second principal assignment of error deals with the refusal of the trial judge to vacate the verdict. Defendant's position is that the action was one in debt and that the jury consequently was required to render one of two verdicts: either for the full amount of $1,306.85 or for the $187.50 which defendant admitted owing.

■ We mention in passing that the granting or refusing of a motion for new trial usually rests in the sound discretion of the trial judge.[1] But we do not rest our decision on that ground.

■ We rule that the trial judge was correct in refusing to disturb the verdict, based as it was on evidence which was conflicting and which did not lend itself to precise scientific determination. Some of the items of defense were hard to prove exactly; receipted bills were almost entirely lacking; the long period of the tenancy, and the change in agents had helped to blur the picture and make the proof elusive and difficult. Thus, as frequently happens, the jury had no exact formula to follow and no purely mathematical basis upon which to rest its verdict. But that alone would be no reason for taking the case from the jury; and certainly no reason for directing a verdict for the defendant, who here had the

burden of proving payment.[2] By the same token it would be no reason for disturbing the verdict after it was rendered. For all the jury could do would be to give their best judgment as to how much rent the defendant owed and what credits he was entitled to receive, in reduction of plaintiff's claim.

Neither from the fact that the jury seemingly reached a compromise, nor from any other circumstance in the record is there any basis for holding that the verdict was arbitrary or capricious; or that it reflects partiality; or indicates that the jury violated the court's instructions, or misconceived its duty, or misunderstood or disregarded any evidence. Defendant makes a general attack on the verdict as being against the evidence, because it did not include all the credits he claimed. But it seems to us that plaintiff might just as reasonably argue that the verdict reflected over-generosity to the defendant in allowing the substantial credit it did.

■ But defendant insists that as a matter of law the verdict should not be permitted to stand, because the jury should have been required to find for "all or nothing". On the evidence here revealed, this is not such a case. And as we have already said the jury was justified in striking what it found was a fair balance of debits and credits between the parties.

Usually, the complaint in such a situation can come only from the plaintiff; and the defendant cannot be heard to attack the verdict on the ground that it is unjust to the plaintiff. Here the plaintiff submitted to the verdict and is before us, urging affirmance. Defendant can therefore not claim to have been prejudiced. This view is supported by the following cases: Blair-Parke Coal & Coke Co. v. Fiedler-Davis Fuel Co., 98 W.Va. 374, 127 S.E. 81; McKenzie v. Patterson, 27 Ga.App. 465, 109 S.E. 174; Ross v. Rose, 109 Wash. 273, 186 P. 892; Koehler v. Kendall, 105 Conn. 410, 135 A. 390; Malden Trust Co. v. Perlmuter, 278 Mass. 259, 179 N.E. 631; Giles v. Perkins, October 4, 1941, 138 Me. 96, 22 A.2d 132; Sinclair Refining Co. v. Seagraves, Ga.App., March 10, 1943, 24 S.E.2d 709.

Affirmed.

---

[1] Franklin v. Schulman Co., D.C.Mun. App., 31 A.2d 871; Carpenter v. District of Columbia, D.C.Mun.App., 32 A.2d 251; District Hauling & Construction Co. v. Argerakis, D.C.Mun.App., 34 A.2d 31.

[2] Illinois Steel Bridge Co. v. Wayland, 107 Kan. 532, 192 P. 752; Terryberry v. Woods, 69 Vt. 94, 37 A. 246.