# CHARLESTON.

## WELTON *v.* BOGGS *et al.*

Submitted Sept. 9, 1898—Decided Dec. 10, 1898.

1. STATUTE OF LIMITATIONS—*Pleading—Suit in Equity —Judgment Creditor.*

Where a suit in equity is brought by a judgment creditor to subject the lands of the debtor to the satisfaction of his judgment, and the plaintiff in the bill sets forth the fact that there is another judgment against the same defendant older in point time, but which has not been kept alive by issuing executions as required by statute, but the defendant is in life, and does not plead the statute of limitations as to said older judgment, the plaintiff in said suit in equity has no right to file or rely on such plea. (p. 623).

2. STATUTE OF LIMITATIONS—*Pleading—Personal Privilege.*

The plea of the statute of limitations is, in general, a personal defense, to be made by the party against whom the demand is asserted. (p. 624).

3. Statute of Limitations—*Rights of Stranger—Personal Privilege.*
   A mere stranger to the claim, as a creditor, although he may
   be injuriously affected by his debtor's failure to set up the stat-
   ute, cannot either set it up himself, or compel his debtor to do so,
   as in such case the privilege is personal,    (p. 624).

Appeal from Circuit Court, Pendleton County.

Bill by S. A. Welton against E. W. Boggs and others.
Decree for defendant, and plaintiff appeals.

*Affirmed.*

F. M. Reynolds and L. J. Forman, for appellant.

George A. Blakemore, for appellees.

English, Judge:

At the May rules, 1894, for the circut court of Pendle-
ton County, S. A. Welton filed a bill against E. W. Boggs
W. S. Boggs, trustee, I. P. Boggs, (since deceased), Solo-
mon Cunningham, M. Manzy, and J. W. Warner, in which
she alleged that on the 16th day of April, 1886, she obtain-
ed a judgment against defendant E. W. Boggs in said court
for the sum of five hundred and twenty-two dollars and
thirty-three cents, with interest thereon from that date,
and costs; that on the 25th day of May, 1886, said judgment
was duly docketed in the judgment lien docket of said
county; that execution was issued on said judgment on
April 23, 1886, and placed in the proper officer's hands re-
turnable to July rules, 1886, which execution was duly re-
turned; "No property found to levy on to satisfy this ex-
ecution, or any part thereof. June 29th, 1886," that no
part thereof had been paid; and that said judgment
constituted the first lien on the real estate of said E.
W. Boggs, which is described in the bill. It is also alleged
in plaintiff's bill that from the records of said county it ap-
pears that on the 15th of May, 1879, judgment was rendered
against said E. W. Boggs and Solomon Cunningham in
favor of David Goff, commissioner, use of William Adam-
son, for the sum of five hundred and forty-nine dollars and
thirty-seven cents; that execution was issued on said judg-
ment on June 17, 1879, returnable to the 1st day of August,
1879; that the records do not show any return of said exe-

cution, but that no execution has issued thereon since, and that said judgment is barred by the statute of limitations, and constitutes no lien on the real estate of said E. W. Boggs mentioned in the bill; that there was no personal property of the defendant Boggs out of which her judgment could be made; and that the real estate of said Boggs would not rent in five years for a sufficient sum to pay off her judgment and costs. The plaintiff charges that her judgment aforesaid is the first lien on all of said real estate, and should first be paid out of the proceeds arising from the sale of said real estate; that the judgment aforesaid in favor of Goff, commissioner, use of Adamson, is out, by the statute of limitations, and constiutes no lien on any of said real estate; and that said Goff judgment should be credited by several payments, the amount of which was not known to plaintiff. And she prayed that her judgment lien might be enforced against said land.

On the 15th of June, 1894, the bill was taken for confessed as to the other defendants, except E. W. Boggs, who appeared and demurred to said bill. Demurrer was overruled, and cause referred to a commissioner to ascertain the real estate owned by the defendant Boggs, its character and location. its value, annual and absolute, and the liens binding the same, whether by judgment or otherwise, and their priorities. Said commissioner returned his report, giving the real estate owned by Boggs, and ascertaining that the plaintiff's judgment described in her bill was entitled to the first place in point of priority of lien against said real estate, and the deed of trust executed by Boggs and wife to W. H. Boggs, trustee, to secure to William Adamson said judgment for five hundred and forty-nine dollars and thirty-seven cents, costs, and interest, subject to a credit of three hundred dollars paid February 27, 1894, was entitled to the second lien on said land. This report was excepted to by J. P. Boggs, executor of the will of William Adamson, deceased, for the reason that it gave priority to the lien of S. A. Welton over the lien of William Adamson; the deed of trust lien having been taken to secure the payment of a judgment obtained long prior to the judgment of S. A. Welton, and said judgment of Adamson

being, at the time said trust deed was taken, alive, and on the lien docket of said county. On the 11th day of April, 1896, the cause was heard, and said exception to the commissioner's report was sustained, and the court decreed that said deed of trust was entitled, as a lien, to priority, and that the plaintiff Welton's judgment constituted the second lien on all the real estate aforesaid, and directed a special commissioner therein named to sell said real estate in the manner and upon the terms therein prescribed. From this decree the plaintiff, Welton, obtained this appeal.

The appellant made four assignments of error, all of which apply to the action of the court in sustaining said exception to the commissioner's report, which may be considered together.

Did the circuit court err in holding that the deed of trust, or the judgment it was executed to secure, was entitled to priority over the plaintiff's judgment? Now, while it is true that the plaintiff in her bill claims that she kept her judgment alive in the manner prescribed by the statute, and that the defendant Adamson allowed his judgment to expire, by neglecting to comply with the statutory requirements, yet the first question we encounter in considering this case upon the questions raised by the exception to said commissioner's report is whether the plea of the statute of limitations has been interposed in this case by any person entitled to the benefit of said plea. Can this plea be successfully relied upon by a co-creditor in a suit pending against a live debtor? Or is it a personal plea, which the judgment debtor alone could make available? Wood, in his valuable work on the Statute of Limitations (volume 1, p. 96), under the head of "Personal Privilege," thus states the law: "The plea of the statute of limitations is generally a personal privilege, and may be waived by a defendant, or asserted, at his election. * * * A *cestui que* trust may set up the statute whenever his trustee might do so, * * * and generally any person in privity with the claim sought to be enforced may set up the statute in bar thereto, as an executor, administrator, assignee, trustee, or any person who can be said to stand in the place and stead of the person for whose benefit the statute inures;

but a mere stranger to the claim, as a creditor of such person, although he may be injuriously affected by his debtor's failure to set up the statute, cannot do so himself, or compel his debtor to do so, as in such cases the privilege is personal, and one which the debtor may avail himself of, or not, at his election." In the case at bar the debtor has seen proper to exercise his election by declining to interpose the plea (which, in my opinion would have been effective, and given the judgment of the plaintiff the priority); and, having made such election, could the plaintiff file the plea herself? A question similar to this was presented to this Court in the case of *Lee* v. *Feemster*, 21 W. Va. 108, and it was there held that: "The plea of usury is a defense personal to the debtor. Therefore in his lifetime his creditor cannot plead it to defeat the claim of another creditor in whole or in part." JOHNSON, PRESIDENT, in delivering the opinion of the Court, said: "In *Wordyard*, v. *Polsley*, 14 W. Va. 211, we held that after a man was dead, and his estate was being distributed among his creditors in a court of equity, a creditor might rely on the statute of limitations to defeat the claim of another creditor. But this was put upon the principle that it was then impossible for the debtor to plead the statute of limitations; his voice was hushed; the law made it the duty of his personal representative to plead the statute of limitations, and if the personal representative did not do it, the creditors might do so, as against each other. With a living man it is altogether different. The law does not compel him to plead the statute of limitations. It is a personal privilege, that he can avail himself of, or not, as he pleases." It is true, that was a usury case, and these remarks were presented by way of illustration; but the analogy is strong and apparent, and, in my opinion, the plea of usury being a personal plea, the same rule applies with regard to the plea of the statute of limitations. Again, in the case of *Clayton* v. *Henley*, 32 Grat. 72, Staples, Judge, delivering the opinion of the court, says: "The court is further of opinion that the plea of the statute of limitations is, in general, a personal defense, to be made by the party against whom the demand is asserted, or to be waived by him, if he desire so to do." If a debtor, recognizing the indulgence of his creditor and the justice of his demand, is

unwilling to plead the statute, it is difficult to tell upon what ground a third person, who merely asserts the title to the property, can be permitted to do so." In the case under consideration, the defendant E. W. Boggs, for some reason known to himself, has not filed his personal plea, or in any manner raised the question as the validity of the judgment of William Adamson; and my conclusion from the authorities above quoted is that the exceptions filed by the executor of William Adamson to the commissioner's report were properly sustained by the circuit court. The judgment complained of is affirmed, with costs and damages.

ON REHEARING.

After a careful consideration of the briefs of counsel for the appellant, and the examination of the authorities cited, I find no cause to change the opinion above quoted; and the same is hereby adopted, and the decree complained of is affirmed.

NOTE BY BRANNON, PRESIDENT:

In *McClaugherty* v. *Croft*, 43 W. Va. 270 (27 S. E. 246), we held that parties privy in estate with the debtor, as heirs, alienees, or mortgagees, owning or entitled to charge the very land, might plead the statute of limitations against other creditors, to defend their estates. I refer to former cases, leaving open the question involved in this case, whether one having a mere general lien, not being a specific lien on the land, could do so. And I put it as a *quaere* in the *Croft Case.* Our cases settle that creditors of a dead man, or of an insolvent partnership, may plead against other creditors the statute, there being a fund belonging to all. But unless we are ready to abolish the old rule, that limitation is a plea made only for the debtor, which he may waive, I do not see how we can hold otherwise than as JUDGE ENGLISH holds in this case. The statute pleads the bar in favor of a dead man's estate, and therefore creditors may do so, but no statute compels a living debtor to plead it. I make this note to call attention to the *Croft Case* and *Conrad* v. *Buck*, 21 W. Va 396, in addition to *Lee* v. *Feemster*, cited by JUDGE ENGLISH.

*Affirmed.*