STATE *ex rel.* MARIA K. MAGUN

*v.*

GEORGE S. SHARP,

*State Compensation Commissioner*

(No. 10985)

Submitted May 13, 1958. Decided June 10, 1958.

*Arthur T. Ciccarello, Samuel D. Lopinsky*, for relator.

*John Sterrett Holy, Theodore H. Ghiz*, for respondent.

GIVEN, JUDGE:

In this original proceeding in mandamus, petitioner, Maria Magun, prays a peremptory writ commanding defendant, the State Compensation Commissioner, to pay unto her a "certain sum of money due to her by virtue of the award of said Commission dated July 3, 1926". Defendant filed his demurrer to the petition and made answer thereto. The proceeding is disposed of on the pleadings, exhibits filed therewith, briefs and oral arguments.

The husband of petitioner, Mike Magun, was fatally injured on January 26, 1926, in the course of and as a result of his employment, in this State, his employer then being a subscriber to the workmen's compensation fund. Petitioner, as dependent widow of the employee, on July 3, 1926, was granted compensation in the amount of thirty dollars per month "until her death or remarriage". Payment of the monthly allowances was made by the commissioner to the first day of June, 1939. At the time compensation was allowed, petitioner was a citizen of Poland. The petition herein alleges that "the marriage between the parties has never been dissolved, other than by the death" of the husband; that the "petitioner never remarried after the death of her husband", and that, on January 4, 1957, the date of the power of attorney later mentioned herein, she was "a resident and citizen of Zhovten Village, Zhovten District, Province of Stanislovov".

The power of attorney, mentioned above, purports to appoint certain persons, who apparently comprise a law firm, with offices in the City of New York, as attorneys in fact, "to be my true and lawful attorney for me and in my name, place and stead, to make claim for, collect, receive and receipt for any and all moneys due me from the Compensation Department of the State of West Virginia, as a result of the death of my husband * * *." The instrument is not signed or acknowledged by petitioner in person, but a certificate, apparently properly executed and authenticated, shows that the instrument was executed by a third person at the request of petitioner and that "The legal capacity and capability of Maria Konstantinovna Mogun as well as the identity of the grantor and the signer were ascertained by me". The "Chief of the Notarial Department of the Ministry for Justice of the UkSSR" certified to the "authenticity" of the signature and of the impression affixed to such certificate, and the Consul of the United States of America certified that the person who executed the last mentioned certificate was, on the date thereof, "Assistant Chief of the Consular Ad-

ministration of the Ministry of Foreign Affairs of the Union of Soviet Socialist Republics, duly commissioned and qualified, to whose official acts faith and credit are due".

Numerous contentions of defendant are posed, but we think that the controlling questions relate to (1) The sufficiency of the power of attorney; (2) the nature of proof required as a prerequisite to the payment of such compensation benefits; and (3) the application of any statute of limitations.

This Court has held that when an attorney appears at the bar of a court in a matter being litigated, there is a presumption of his authority to represent his client and, though the presumption may be rebutted, evidence to do so must clearly preponderate. *McKnight* v. *Pettigrew,* 141 W. Va. 506, 91 S. E. 2d 324. In the instant case, that authority is questioned only because of the manner of the execution and acknowledgment of the instrument involved, in that it was signed by a third person at the request of petitioner, and that the signature was not acknowledged or proved. But a written or proved instrument is not necessary to create the relationship of attorney and client. In *Keenan* v. *Scott,* 64 W. Va. 137, 61 S. E. 806, we held: "1. As soon as a client has expressed a desire to employ an attorney and there has been a corresponding consent on the part of the attorney to act for him in a professional capacity, the relation of attorney and client has been established; and all dealings thereafter between them relating to the subject of the employment will be governed by the rules applicable to such relation." In the opinion in that case it is said: "These authorities, and many others which might be cited, are conclusive of the proposition that, as soon as the client has expressed a desire to employ an attorney, and there has been a corresponding consent on the part of the attorney to act for him in a professional capacity, the relation of attorney and client has been established, and that all dealings thereafter between them relating to the subject of the

employment will be governed by the rules applicable to such relation * * *". See *Bennett* v. *Bennett,* 137 W. Va. 179, 70 S. E. 2d 894; *Lawrence* v. *Montgomery Gas Co.,* 88 W. Va. 352, 106 S. E. 890; *City of Charleston* v. *Littlepage,* 73 W. Va. 156, 80 S. E. 131, 51 L. R. A., N. S., 353; *State* v. *Fraley,* 71 W. Va. 100, 103, 76 S. E. 134; *Cecil* v. *Clark,* 69 W. Va. 641, 72 S. E. 737.

The contention of defendant to the effect that it is not sufficiently alleged or proved that petitioner is still living, and that she has not remarried, can not be sustained. As pointed out above, the petition alleges that petitioner, at the time of the execution of the power of attorney, was a "resident and citizen of Zhovten Village", and that she "never remarried after the death of her husband". Also, the statement of the two citizens of Zhovten Village, certified and authenticated, shows that petitioner "resides at Zhovten Village"; and that the marriage "has never been dissolved and she never remarried and she remains his widow". It may be true, as further contended by defendant, that petitioner failed or neglected to furnish proof of certain facts, as required by statute or by rules promulgated by the commissioner, but such fact would merely justify the commissioner in delaying payment until the necessary proof was made available to him. The delay, of course, would not have the effect of canceling payment of the monthly benefit payments which had accrued. See *Lancaster* v. *Compensation Commissioner,* 125 W. Va. 190, 192, 23 S. E. 2d 601; *Poccardi* v. *Compensation Commissioner,* 86 W. Va. 565, 104 S. E. 54. Since the necessary proof has been furnished in this proceeding, and the allowance of compensation to petitioner was made in accordance with the applicable statute, and the accruing of the monthly benefits not being denied, but satisfactorily established, we find no reason to deny petitioner relief herein.

Code, 55-2-6, relating to limitation of actions, provides: "Every action to recover money, which is founded upon an award, or on any contract other than a judgment or recognizance, shall be brought within the following num-

ber of years next after the right to bring the same shall have accrued, that is to say * * * within ten years; if it be upon any other contract in writing under seal, within ten years; if it be upon an award, or upon a contract in writing, signed by the party to be charged thereby, or by his agent, but not under seal, within ten years; and if it be upon any other contract, express or implied, within five years * * *". Defendant contends that the order of the State Compensation Commissioner which granted petitioner compensation constituted an "award" within the intendment of the statute.

Black's Law Dictionary, Fourth Edition, defines "award" as follows: "The decision or determination rendered by arbitrators or commissioners, or other private or extrajudicial deciders, upon a controversy submitted to them; also the writing or document embodying such decision." See 4 Words and Phrases, Permanent Edition, "Award" and "Award of Compensation"; 7 C. J. S., "Award", Page 1311.

Chapter 23 of the Code, relating to workmen's compensation, consistently refers to the action of the State Compensation Commissioner and of the Workmen's Compensation Appeal Board, in allowance of a claim, as an "award". Illustrative, Article 3, Sections 1, 1a; Article 4, Sections 1, 4, 5, 6, 6a, 9, 9b, 10, 16, 17, 18; Article 5, Sections 1, 1c, 1d, 3, 4, 5. The holdings and opinions of this Court have consistently referred to the actions of the State Compensation Commissioner as awards. Illustrative, *Bostic* v. *Compensation Commissioner*, 142 W. Va. 484, 96 S. E. 2d 481; *Taylor* v. *Compensation Commissioner*, 140 W. Va. 572, 86 S. E. 2d 114; *State ex rel. Mountain Fuel Co.* v. *Compensation Commissioner*, 138 W. Va. 737, 77 S. E. 2d 608; *U. S. Steel* v. *Compensation Commissioner*, 138 W. Va. 506, 76 S. E. 2d 474; *Richmond* v. *Compensation Commissioner*, 136 W. Va. 234, 67 S. E. 2d 39; *Blevins* v. *Compensation Commissioner*, 127 W. Va. 481, 33 S. E. 2d 408; *Lancaster* v. *Compensation Commissioner*, 125 W. Va. 190, 23 S. E. 2d 601; *Greer* v. *Compensation Commissioner*, 123

W. Va. 270, 15 S. E. 2d 175; *Cherry* v. *Compensation Commissioner,* 115 W. Va. 180, 174 S. E. 889; *Machala* v. *Compensation Commissioner,* 109 W. Va. 413, 155 S. E. 169; *Jenkins* v. *Compensation Commissioner,* 107 W. Va. 287, 148 S. E. 117.

We are, therefore, of the opinion that the action of the State Compensation Commissioner in allowing a claim under the workmen's compensation statute constitutes an "award" within the meaning of the workmen's compensation law, and within the meaning of the statute of limitations, quoted in part above. In *Greer* v. *Compensation Commissioner, supra,* we said: "Our statutes are full of provisions requiring claims, contractual and tortious, to be prosecuted within limited times * * * Is a workmen's compensation claim inherently of such a different character or of such higher sanctity that it should be singled out and held immune to a statute of limitations? It is universally held that the legislature may establish, or lengthen, or shorten, the time within which any sort of judicial, or quasi judicial, proceeding may be instituted for the enforcement of legal rights, provided a reasonable time be allowed for the instituting of proceedings on rights then existing * * *". Chapter 23 of the Code, relating to workmen's compensation, provides numerous limitations as to claimants' rights to compensation. See *Taylor* v. *Compensation Commissioner, supra.* Since a general statute provides a limitation as to an award, it was unnecessary to include such a provision in Chapter 23.

The statute of limitations as to a cause of action commences to run at the time of the accrual thereof. 12 M. J., Limitation of Actions, Section 23. We think it can not be doubted that a cause of action arises in favor of a beneficiary of an award under the workmen's compensation law, as to a monthly benefit payment, at the time such payment becomes due the beneficiary. This being true, the limitation as to such payment necessarily commences to run against such cause of action at the time such payment becomes due under the award. See *Trustees of*

*Broaddus Institute* v. *Siers,* 68 W. Va. 125, 69 S. E. 468, Ann. Cas. 1912A 920; *Pickens* v. *Coal River Boom Co.,* 66 W. Va. 10, 65 S. E. 865, 24 L. R. A., N. S., 354; *Cann* v. *Cann's Heirs,* 45 W. Va. 563, 31 S. E. 923. As applied to the facts in the instant case, the authorities cited herein require us to hold that the monthly benefit payments accruing unto petitioner by virtue of the award more than ten years next preceding the date of the institution of this action are barred by the provisions of Code, 55-2-6. We are not unaware that in the case of *Lancaster* v. *Compensation Commissioner,* payments of monthly benefits over a period of more than ten years were allowed, but different principles control. In the instant proceeding, the question of the statute of limitations was raised by the pleadings. "2. The plea of the statute of limitations is, in general, a personal defense, to be made by the party against whom the demand is asserted." *Welton* v. *Boggs, et al.,* 45 W. Va. 620, 32 S. E. 232, 72 Am. St. Rep. 833.

Defendant contends that since no treaty exists between the United States of America and the Union of Soviet Socialist Republics, "that protects the citizens and residents of these two nations as far as workmen's compensation benefits are concerned", petitioner, being now a citizen of the Union of Soviet Socialist Republics, is not entitled to the payment of benefits, relying on *Antosz* v. *Compensation Commissioner,* 130 W. Va. 260, 43 S. E. 2d 397, and *Micaz* v. *Compensation Commissioner,* 123 W. Va. 14, 13 S. E. 2d 161. Those cases are not controlling. They involve questions as to the effect or validity of a statute as against the force of a treaty. In the instant case, the statute under which the award was made, Barnes 1923 Code, Chapter 15P, Section 33, an award made to a dependent widow was not conditioned on citizenship, or residence of the claimant in this State or in this country, and it is not contended to be in conflict with any treaty. Though that statute has been amended, Code, 23-4-15a, the amendment does not purport to, and could not have deprived petitioner of rights vested in her by virtue of the award. *Lancaster* v. *Compensation Commissioner, supra.*

See *Taylor* v. *Compensation Commissioner,* 140 W. Va. 572, 580, 86 S. E. 2d 114; *Cherry* v. *Compensation Commissioner,* 115 W. Va. 180, 174 S. E. 889; *Jenkins* v. *Compensation Commissioner,* 107 W. Va. 287, 148 S. E. 117.

We are of the view, therefore, that a peremptory writ, as herein molded, should be awarded, requiring the defendant, George S. Sharp, State Compensation Commissioner, to make payment unto the petitioner, Maria K. Magun, the monthly benefit payments accrued unto her by virtue of the award made to her, within the ten year period immediately prior to the institution of this action, but not subsequent to the twenty fourth day of June, 1957, that being the last date on which petitioner is shown to be alive and not remarried. The writ, however, shall not be construed so as to preclude defendant from transmitting the amount determined by him to be due and owing petitioner, in accordance with this opinion, through such channels, or in such manner, as may be required by Rules and Regulations heretofore promulgated.

*Writinto awarded.*