VERA MIRANOSKY, ADMINISTRATRIX OF ESTATE OF LAWRENCE MIRANOSKY, *deceased, and* STELLA MIRANOSKY MALLIN, *et al., etc.,* KLEMENTYNA WIESKA NEE MIRONOWSKA, *et al.*

*v.*

WILLIAM P. PARSON, *etc.,* MERRILL I. BUDNICK *and* MRS. ARVELLA PARSON

(No. 12681)

Submitted April 23, 1968.          Decided June 11, 1968.

*H. D. Rollins,* for appellants.

No appearance for appellees.

BERRY, PRESIDENT:

This is an appeal from the judgment of the Circuit Court of McDowell County denying a petition of alleged heirs to intervene in a contested will case.

The appeal was granted by this Court on July 10, 1967, from the judgment of the Circuit Court of June 5, 1967. The appellees, defendants below, did not appear or file a brief in this Court. The case was submitted for decision upon argument and brief of the appellants, petitioners below.

This case arose over the alleged will of Luca Miranosky, a native of Poland, but a resident of McDowell County, who died on April 15, 1965. During the time of his residency in McDowell County he accumulated some property, among which was $15,000 in bank deposits. After his death a paper dated September 24, 1964, purporting to be his last will and testament, was probated in the County Court of McDowell County, West Virginia, on April 21, 1965. The purported will left the decedent's entire estate, after the payment of funeral expenses and other debts, to Mr. and Mrs. William P. Parson and Merrill I. Budnick, an attorney who prepared the will. Mr. and Mrs. Parson were characterized as friends of the decedent and two-thirds of the entire estate was to go to them and one-third to Mr. Budnick, the attorney. Mr. Parson and Mr. Budnick were designated as

executors. However, the attorney, Mr. Budnick, declined to act and only Mr. Parson qualified as executor.

This action was originally instituted in the Circuit Court of McDowell County by Vera Miranosky, Administratrix of the estate of Lawrence Miranosky, deceased nephew of the decedent Luca Miranosky, and Stella Miranosky Mallin, a niece of Luca Miranosky, all of whom are residents of Canada, and any other unknown heirs, against William P. Parson, individually and as the executor of the estate of Luca Miranosky, Merrill I. Budnick and Mrs. William Parson, to impeach the probated will on the ground that the testator was unable to make a valid will because of infirmities of age and that undue influence was exerted upon him in obtaining the will. The plaintiffs presented a holographic will written in 1957 in Russian in Canada which they had attempted to probate. Both the original plaintiffs and defendants objected to the intervention of the petitioners.

The parties to the original proceeding had apparently been attempting for some time after the institution of the suit to determine which was the valid will of Luca Miranosky, and had been attempting to compromise and settle the case, but before this was accomplished and the action dismissed, the petition to intervene was filed.

H. D. Rollins, an attorney of Charleston, West Virginia, represented the petitioners who live in Poland and who claim to be grand-nieces and grand-nephews of the testator. They also claim to have a holographic will or testamentary paper executed by the testator, which would make three wills involved in this case.

Upon the filing of the petition by Mr. Rollins on behalf of his clients to intervene, an objection was made to the filing thereof by the original litigants and a hearing thereon was held on March 13, 1967, and continued to May 3, 1967. At the hearing Mr. Rollins stated that he represented the four Polish heirs and presented communications between him and the Polish Embassy in Washington, D.C. relating to the case, although he stated that he had never communicated

directly with the four heirs in Poland. He also stated that he did not have a power of attorney, although one had been requested in February, 1967. It also appears that in 1965 Mr. Rollins had claimed to represent one man, but that in 1967 at the hearing he claimed to represent four persons, none of whom was the one he claimed to have originally represented. This he explained by virtue of the fact that the original person had died and the four heirs now represented were children of the deceased person he had originally supposed he represented.

The alleged holographic will was not produced at this hearing and the Court denied Mr. Rollins the right to intervene, apparently on the ground that there was no attorney-client relationship.

On June 5, 1967, Mr. Rollins renewed his application to intervene at which time he filed three exhibits consisting of a letter dated June 13, 1966, from the Polish Embassy giving a history of the Polish relatives represented by him and stating that the decedent wrote them that he was leaving his estate to them, and that also upon request a power of attorney would be obtained from the heirs. The second exhibit was correspondence from Mr. Rollins stating the petition to intervene was being filed and requesting documents from the Embassy. The third exhibit was a power of attorney dated April 20, 1967, at Poznan, Poland, in which the four heirs appointed the Polish Embassy in Washington their agent to obtain an attorney to represent their interest in connection with the estate of Luca Miranosky. The power of attorney was accompanied by a certificate of the American Consul which certified that the heirs in question had appeared before him and had acknowledged their signatures in a manner similar to the form of consular acknowledgment authorized and provided for in West Virginia Code 39-1-3 & 4, which acknowledgment is primarily for the purpose of recordation when required. See, also, Code 57-1-14, for manner of authenticating records of a foreign country, which is not this present case as the paper was executed before an American Consul located in the foreign country.

Notwithstanding the presentation of the exhibits referred to above, the Court again denied Mr. Rollins the right to file the petition to intervene and the reason for such denial set out in the Court order dated June 5, 1967, was that Mr. Rollins had not proved the relationship of his client to the deceased, that the power of attorney was not authenticated by any Polish Official, that the power of attorney was not properly executed, and that the documents were not properly authenticated by the laws of West Virginia.

Code, 41-5-11 gives the absolute right to a person who is not a party to the probate of a will in the county court to institute a proceeding to impeach such will in the circuit court if, of course, he has or could have an interest in the property. This proceeding was followed by the original plaintiffs who proceeded for all unknown heirs, and under the provisions of Rule 24(a), R.C.P., the petitioners in such case could intervene as a matter of right.

When an attorney appears in court representing clients there is a strong presumption of his authority to represent such clients, and the burden is upon the party denying the authority to clearly show the want of authority. 7 Am. Jur. 2d, Attorneys at Law, §116; *Teter* v. *Irwin,* 69 W. Va. 200, 71 S. E. 115; *County Court* v. *Duty,* 77 W. Va. 17, 87 S. E. 256; *Lawrence* v. *Montgomery Gas Company,* 88 W. Va. 352, 106 S. E. 890. In any event, the question of the attorney's want of authority to represent clients must be raised immediately by a motion or petition accompanied by affidavits. 7 Am. Jur. 2d, Attorneys at Law, §114; *City of Charleston* v. *Littlepage,* 73 W. Va. 156, 80 S. E. 131, 51 L. R. A. (NS) 353. The record indicates that the matter in question in the case at bar was not properly raised, and therefore should not have been considered by the Court. However, even if the matter had been properly raised, no proof of any kind was presented to rebut the presumption of the attorney's authority to represent his clients in this instance, and the reasons given for refusing to allow the petitioners to intervene are without merit.

Authority may be given to an attorney by an agent of the party for whom the appearance is made. 7 Am. Jur.

2d, Attorneys at Law, §112; *Hirsch Bros. & Co.* v. *R. E. Kennington Co.*, 155 Miss. 242, 124 So. 344, 88 A. L. R. 1. The Polish Embassy as an agent for the petitioners had a right to employ an attorney to represent them. See *In Re: Estate of Lapinsky* v. *Sparacino*, 148 W. Va. 38, 132 S. E. 2d 765; *Antosz* v. *State Comp. Comr.*, 130 W. Va. 260, 43 S. E. 2d 397. No power of attorney is required to show an authority for an attorney to represent his client. *Low* v. *Settle*, 22 W. Va. 387, 392.

The case of *State ex rel. Magun* v. *Sharp*, 143 W. Va. 594, 103 S. E. 2d 792, adequately answers the questions raised in this case and clearly shows that the petition to intervene should have been granted. In the *Sharp* case it was held that a written or proved instrument is not necessary to create the relationship of attorney and client. The actual proof of matters relating to the merits of petitioner's claim such as proper legal relationship and the production of a proper holographic will, which would vitiate the other wills, are matters to be determined during the trial of the case on its merits, and not whether the attorney had authority from his clients to intervene in the case and present such evidence. The first point of the syllabus of the *Sharp* case succinctly states the law applicable to the matter and question in the case at bar, wherein it is stated: "When an accredited attorney appears at the bar of a court as representing a litigant therein, his authority to represent the litigant is presumed, but the presumption may be rebutted."

It would therefore clearly appear that the trial court erred in refusing to allow the petitioners to intervene in the case at bar; and for the reasons stated herein, the judgment of the Circuit Court of McDowell County is reversed and the case is remanded to that Court for proper disposition.

*Reversed and remanded.*