WESTERN AUTO SUPPLY COMPANY

*v.*

EDWIN S. DILLARD *and* MARY ALICE DILLARD

(No. 12801)

Submitted January 27, 1970.    Decided February 17, 1970.

*Martin & Seibert, Clarence E. Martin, Jr.,* for appellant.

*Rice, Hannis, Rice & Wagner, Lacy I. Rice, Sr.,* for appellees.

HAYMOND, JUDGE:

On this appeal granted by this Court January 27, 1969, the plaintiff, Western Auto Supply Company, a corporation, seeks reversal of the final judgment of the Circuit Court of Jefferson County rendered June 17, 1968, which granted the motion of the defendant Edwin S. Dillard to set aside the verdict and the judgment entered upon the verdict on May 16, 1968, in favor of the plaintiff, and reinstatement of the verdict and the entry of judgment by this Court upon the verdict in favor of the plaintiff.

This action is based on a final judgment rendered by the Seventh Judicial District Court of the State of Nevada, in and for the County of White Pine, a court of general jurisdiction, in favor of the plaintiff and against Edwin S. Dillard and Thomas G. Streeter, dba Western Auto of Ely, Nevada, Thomas G. Streeter and Florence Streeter, and Edwin S. Dillard and Mary Alice Dillard, jointly and severally, for $36,743.87, with interest at the rate of 7 per cent per annum from date until paid, and $90.75 costs. The plaintiff contends that the foregoing judgment is a valid judgment of a court of another state of the United States and as such is entitled to full faith and credit under Article IV, Section 1, of the Constitution of the United States, which provides that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. On the contrary the defendant Edwin S. Dillard contends that the judgment is not a valid judgment and is subject to attack on the ground that the district court in Nevada did not have jurisdiction of Edwin S. Dillard and Mary Alice Dillard who are the defendants in this action.

At the conclusion of all the evidence on May 16, 1968, the jury returned a verdict in this form: "We the jury

find that the Court in the State of Nevada had jurisdiction of the Defendant, Edwin S. Dillard, individually, in that E. R. Miller, Jr., Attorney in Nevada, represented him individually with the knowledge, authorization and consent of Edwin S. Dillard, and therefore return a verdict in favor of Western Auto Supply Company in the sum of $41,363.37." The plaintiff moved the circuit court to enter judgment on the verdict and accordingly it was ordered that the plaintiff recover of and from the defendant, Edwin S. Dillard, $41,363.37, with interest at the rate of six per cent per annum until paid and costs. The defendant Edwin S. Dillard then moved the court to set aside the verdict and to enter judgment for the defendant or to grant the defendant a new trial. By its final judgment rendered June 17, 1968, the trial court set aside the verdict and the judgment entered upon it on May 16, 1968 and rendered judgment in favor of the defendants and that the plaintiff take nothing and awarded costs against the plaintiff. From this judgment this appeal was granted upon the application of the plaintiff.

The controlling questions for decision are whether the district court of Nevada had jurisdiction to render the judgment here in suit against the defendant Edwin S. Dillard and whether the verdict of the jury in favor of the plaintiff and against the defendant Edwin S. Dillard for $41,363.37 is supported by the evidence and should not have been set aside by the trial court.

In this Court the defendant Edwin S. Dillard, herein sometimes referred to as the defendant, asserts that the judgment here in suit is a joint judgment against both defendants and could not be enforced against the defendant Edwin S. Dillard severally and individually. As this question was not raised and passed upon by the circuit court, it will not be considered by this Court on this appeal. Many cases hold that this Court will not consider on appeal nonjurisdictional questions which have not been acted upon by the trial court. *In Re: Morgan*

*Hotel Corporation,* 151 W. Va. 357, 151 S. E.2d 676; *Korzun* v. *Shahan,* 151 W. Va. 243, 151 S. E.2d 287; *Work* v. *Rogerson,* 149 W. Va. 493, 142 S. E.2d 188; *Pettry* v. *The Chesapeake and Ohio Railway Company,* 148 W. Va. 443, 135 S. E.2d 729; *Dunning* v. *Barlow and Wisler, Inc.,* 148 W. Va. 206, 133 S. E.2d 748; *Aetna Casualty and Surety Company* v. *Federal Insurance Company of New York,* 148 W. Va. 160, 133 S. E.2d 770; *Sands* v. *Security Trust Company,* 143 W. Va. 522, 102 S. E.2d 733; *In Re: The Estate of Amanda Nicholas, Deceased,* 142 W. Va. 80, 94 S. E.2d 452; *Cook* v. *Collins,* 131 W. Va. 475, 48 S. E.2d 161; *Highland* v. *Davis,* 119 W. Va. 501, 195 S. E. 604; *Nuzum* v. *Nuzum,* 77 W. Va. 202, 87 S. E. 463.

In the *Cook* case this Court said: "This Court, having no original jurisdiction of this cause and acting only as an appellate court, will not consider nonjurisdictional questions not acted upon by the trial court. * * *. To consider and decide nonjurisdictional questions in this Court, not acted upon by the trial court, would be the assumption of jurisdiction by this Court which it does not possess." In the *Highland* case this Court held in point 4 of the syllabus that "This Court will not consider questions not acted upon by the trial court." See also *Weatherford* v. *Arter,* 135 W. Va. 391, 63 S. E.2d 572; *Weese* v. *Weese,* 134 W. Va. 233, 58 S. E.2d 801; *Posten* v. *Baltimore and Ohio Railroad Company,* 93 W. Va. 612, 117 S. E. 491.

Upon the question whether the Nevada court had jurisdiction of the defendant Edwin S. Dillard the evidence is conflicting and the question of jurisdiction depends upon whether E. R. Miller, Jr., an attorney of Ely, Nevada, who entered a general appearance in behalf of the defendant Edwin S. Dillard, was authorized to represent him, as well as the other defendants, in the action in the Nevada court. The evidence on this point, in behalf of the plaintiff, consisted of the testimony by deposition of Miller and Thomas G. Streeter, a partner with the defendant Edwin S. Dillard in the limited partner-

ship of Western Auto of Ely, Nevada. It is clear that Mary Alice Dillard was not a member of this partnership.

It is undisputed that neither of the defendants in this action was served with process in Nevada and that both of them were absent from Nevada when the final judgment was entered in the action pending in the district court of that state.

It is also undisputed that though Edwin S. Dillard was in Ely, Nevada, on the 11th, 12th and 13th of June, 1965, when the action in the district court of that state was instituted on June 11, 1965, he left the State of Nevada immediately after consulting his attorney in Virginia, Edward S. Graves, who advised him to leave the State of Nevada immediately for the purpose of avoiding service of process on him in that state.

Miller testified that when the action was instituted by Western Auto Supply Company and an injunction had been issued to close the store owned by the partnership and operated by Streeter, Streeter employed him to represent all the defendants and that he did so. All the orders in the case, including a preliminary judgment for $100,400.71 rendered July 16, 1965 and the final judgment rendered July 28, 1966 for $36,743.87, the balance of the alleged indebtedness owing by the defendants to the plaintiff in that action after allowing credits in the amounts of $50,056.99 and $13,599.85, in favor of the defendants, recited Miller's appearance for the defendants. Miller further testified that Streeter paid him his fee and that he did not bill Dillard for a fee and was not paid any fee by Dillard. Streeter testified that he employed Miller to represent all the defendants in the Nevada court action and that he so informed Dillard. This Dillard denied.

Dillard testified that he never employed Miller to represent him and Mary Alice Dillard also testified that she did not know Miller and was not in Nevada while the case was pending and that she never authorized Miller to represent her. Graves testified that he never authorized

Miller to represent the defendant Edwin S. Dillard in the Nevada court proceeding. Both Dillard and Graves testified that they did not keep in touch with the proceedings in the Nevada court. Dillard testified that he did not know of the judgment until the present counsel for the plaintiff in this action wrote him concerning the judgment of $36,743.87 and that he did not receive copies of the orders in the case. The testimony by Graves indicated that he did not know about the final judgment in the action but that he knew about the judgment for $100,400.71 and sent a copy of that judgment to the defendant Edwin S. Dillard but did not expressly advise him that there was any judgment against him or his wife or indicate that there had been any personal judgment.

It appears from the evidence that Streeter contacted Dillard by telephone about the Nevada court proceeding; that Graves wrote Miller a letter dated July 22, 1965, concerning the case; and that Dillard by letter to Miller, dated July 26, 1965, which was admitted in evidence as Defendant's Exhibit No. 3, said: "Dear Mr. Miller: I want to add my appreciation to that expressed to you by Edward Graves in his letter of July 22 with respect to your handling of the problems put upon the local Western Auto Store by the parent Company. I do hope this thing can be worked out satisfactorily to the point that both Tom Streeter's and my interest will be accommodated as far as our respective investments in the store in Ely is concerned. If it should become apparent to you that Western Auto Supply Company is taking unfair advantage of us in any way, I would appreciate your communicating the facts to me so that we may mutually decide what course of action we will take in the future."

It also appears that Miller did look after obtaining the credits on the $100,400.71 judgment for the benefit of Dillard and that he filed a counter claim in behalf of all the defendants which was denied by the Nevada court in that proceeding, and there is no evidence that Dillard,

after receiving information from Streeter with respect to proceedings in the Nevada court, at any time repudiated Miller's action in his behalf or notified Miller not to represent him as counsel until his attorney in the instant proceeding wrote Miller a letter, dated March 19, 1967, which was more than seven months after the entry of the final judgment of $36,743.87 rendered July 28, 1966, in which his attorney said: "Dear Mr. Miller: On February 7, 1967, I talked to you while Mr. Dillard was in my office and understood you were going to obtain certain information concerning the status of Western Auto accounts. You were to advise me promptly by phone or letter as to any information you could find. Because we have not heard from you and because Mr. Dillard has employed other counsel, he has instructed me to advise you that he does not want you to undertake any further duties or action in his behalf."

Upon substantially the above recited conflicting evidence, the jury returned its verdict in favor of the plaintiff against the defendant Edwin S. Dillard.

In this action there are also rebuttable presumptions in support of the contention of the plaintiff that Miller was authorized to represent Dillard in the Nevada court proceeding.

Jurisdiction will be presumed in the case of a judgment of a court of general jurisdiction of a sister state. *Paull v. Cook,* 135 W. Va. 833, 65 S. E.2d 750; *Stewart v. Stewart,* 27 W. Va. 167; *Gilchrist v. West Virginia Oil and Oil Land Company,* 21 W. Va. 115, 45 Am. Rep. 555. In *Miranosky v. Parson,* 152 W. Va. 241, 161 S. E.2d 665, this Court said in point 1 of the syllabus that when an attorney appears in court representing clients there is a strong presumption of his authority to represent his clients and the burden is upon the party denying the authority to show clearly the want of authority. *State ex rel. Magun v. Sharp,* 143 W. Va. 594, 103 S. E.2d 792; *McKnight v. Pettigrew,* 141 W. Va. 506, 91 S. E.2d 324; *Lawrence v. Montgomery Gas Company,* 88 W. Va. 352, 106 S. E. 890;

*County Court* v. *Duty,* 77 W. Va. 17, 87 S. E. 256; *Teter* v. *Irwin,* 69 W. Va. 200, 71 S. E. 115. In *Miranosky* v. *Parson,* 152 W. Va. 241, 161 S. E.2d 665, this Court also said in points 2 and 3 of the syllabus that the question of an attorney's authority to represent clients must be raised immediately by a motion or petition accompanied by affidavits and that authority may be given to an attorney by an agent of the party for whom the appearance is made; and that no power of attorney is required to show authority for an attorney to represent his client. In point 2, syllabus, *Lawrence* v. *Montgomery Gas Company,* 88 W. Va. 352, 106 S. E. 890, is this statement: "Where an attorney appears in a cause and files an answer or other pleading, being an officer of the court, he is presumed to have authority, and that what he does in relation thereto has been done with authority duly conferred."

In *Keenan* v. *Scott,* 64 W. Va. 137, 61 S. E. 806, the opinion contains this quotation from 4 Cyc. 927: "An attorney may be employed without formalities of any kind. The contract may be made by parol, and is often largely implied from the acts of the parties. Neither is the relation dependent upon the payment of fees. It may exist between two parties, though a third person pays for the attorney's services, or though such services were rendered by the attorney gratuitously." See also 7 C.J.S., Attorney and Client, Section 65b.

In 7 C.J.S., Attorney and Client, Section 73, the text contains these statements: "There is a well recognized presumption in favor of an attorney's authority, as an officer of the court, to act for any client whom he professes to represent unless there has been fraud or imposition, or unless the party has objected to the use of his name. Thus there is a presumption that an attorney who appears for a party in an action or litigation has authority to do so unless the contrary is shown, * * *."

It is obvious that, if Miller was authorized to represent the defendant Edwin S. Dillard as his attorney in the

Nevada court proceeding, his appearance in that proceeding in behalf of Dillard constituted a general appearance and rendered unnecessary service of . process upon Dillard as a party in that proceeding. *Manypenny v. Graham*, 149 W. Va. 56, 138 S. E.2d 724; *Brash v. Appalachian Electric Power Company*, 144 W. Va. 620, 110 S. E.2d 386; *Jimerson v. Tincher*, 89 W. Va. 41, 108 S. E. 417; *Franklin v. T. H. Lilly Lumber Company*, 66 W. Va. 164, 66 S. E. 225; *Ferrell v. Camden*, 57 W. Va. 401, 50 S. E. 733; *Totten v. Nighbert*, 41 W. Va. 800, 24 S. E. 627; *Andrews v. Mundy*, 36 W. Va. 22, 14 S. E. 414; *Layne v. The Ohio River Railroad Company*, 35 W. Va. 438, 14 S. E. 123.

The conflicting evidence as disclosed by the record, the substance of which has heretofore been recited, was sufficient to support the verdict of the jury and the action of the circuit court in setting aside the verdict and the prior judgment on the verdict and entering a judgment against the plaintiff in favor of the defendant Edwin S. Dillard constituted reversible error. The jury did not return any verdict against the defendant Mary Alice Dillard, and as the evidence was insufficient to show that she authorized Miller to represent her in the Nevada court proceeding, the action of the circuit court in rendering judgment in her favor was correct and proper and that judgment is not challenged on this appeal.

This Court has held in numerous cases that when a case involving conflicting testimony has been fairly tried under proper instructions the verdict of the jury will not be set aside unless it is contrary to the weight of the evidence or is without any evidence to support it. *Sydenstricker v. Vannoy*, 151 W. Va. 177, 150 S. E.2d 905, and the many cases cited in the opinion in that case; *Poe v. Pittman*, 150 W. Va. 179, 144 S. E.2d 671; *Butcher v. Stull*, 140 W. Va. 31, 82 S. E.2d 278; *Adkins v. Raleigh Transit Company*, 127 W. Va. 131, 31 S. E.2d 775.

Many decisions of this Court also hold that it is the peculiar and exclusive province of the jury to weigh the

evidence and to resolve questions of fact when the testimony of witnesses regarding them is conflicting and the finding of the jury upon such facts will not ordinarily be disturbed by this Court. *Sydenstricker* v. *Vannoy*, 151 W. Va. 177, 150 S. E.2d 905, and the many cases cited in the opinion in that case; *Earl T. Browder, Inc.* v. *The County Court of Webster County*, 145 W. Va. 696, 116 S. E.2d 867; *Stenger* v. *Hope Natural Gas Company*, 141 W. Va. 347, 90 S. E.2d 261; *French* v. *Sinkford*, 132 W. Va. 66, 54 S. E.2d 38; *Smith* v. *Smith*, 125 W. Va. 24, 22 S. E. 2d 647.

As the jurisdiction of the Nevada court to enter the judgment for $36,743.87 against the defendant Edwin S. Dillard, a question of fact for the jury, has been established by the verdict of the jury and as there is no contention that any fraud occurred in its procurement, the judgment is a valid judgment of a sister state and as such is entitled to full faith and credit in the courts of this state under Article IV, Section 1, of the Constitution of the United States. *State ex rel. Lynn* v. *Eddy*, 152 W. Va. 345, 163 S. E.2d 472; *Brady* v. *Brady*, 151 W. Va. 900, 158 S. E.2d 359; *Aldrich* v. *Aldrich*, 147 W. Va. 269,127 S. E.2d 385, reversed on other grounds, 378 U. S. 540, 84 S. Ct. 1687, 12 L. Ed. 2d 1020; *Gavenda Brothers, Inc.* v. *Elkins Limestone Company, Inc.*, 145 W. Va. 732, 116 S. E.2d 910, and the many cases cited in the opinion in the *Gavenda* case. Full faith and credit must be given to a judgment of a sister state if it is not successfully attacked on jurisdictional grounds or for fraud in its procurement. See *State ex rel. Lynn* v. *Eddy*, 152 W. Va. 345, 163 S. E.2d 472; *Aldrich* v. *Aldrich*, 147 W. Va. 269, 127 S. E.2d 385, reversed on other grounds, 378 U. S. 540, 84 S. Ct. 1687, 12 L. Ed. 2d 1020; *Gavenda Brothers, Inc.* v. *Elkins Limestone Company, Inc.*, 145 W. Va. 732, 116 S. E.2d 910; *Caswell* v. *Caswell*, 84 W. Va. 575, 100 S. E. 482; *Williams* v. *North Carolina*, 317 U. S. 287, 63 S. Ct. 207, 87 L. Ed. 279, 143 A.L.R. 1273; *Williams* v. *North Carolina*, 325 U. S. 226, 65 S. Ct. 1092, 89 L. Ed. 1577, 157 A.L.R. 1366.

Numerous decisions of this Court hold that when a verdict of a jury has been improperly set aside by the trial court, this Court will reinstate the verdict and render judgment upon such verdict. *Sargent v. Malcomb,* 150 W. Va. 393, 146 S. E.2d 561; *Bronson v. Riffe,* 148 W. Va. 362, 135 S. E.2d 244; *Brace v. Salem Cold Storage, Inc.,* 146 W. Va. 180, 118 S. E.2d 799, 92 A.L.R.2d 1287; *Earl T. Browder, Inc. v. The County Court of Webster County,* 145 W. Va. 696, 116 S. E.2d 867; *The City of McMechen ex rel. Willey v. Fidelity and Casualty Company of New York,* 145 W. Va. 660, 116 S. E.2d 388; *Ward v. Raleigh County Park Board,* 143 W. Va. 931, 105 S. E. 2d 881; *Watkins v. The Baltimore and Ohio Railroad Company,* 130 W. Va. 268, 43 S. E.2d 219; *Ware v. Hays,* point 3 of the syllabus, 119 W. Va. 585, 195 S. E. 265; *Blair-Parke Coal and Coke Company v. Fiedler-Davis Fuel Company,* 98 W. Va. 374, 127 S. E. 81.

Because of the error of the circuit court in setting aside the verdict of the jury and the judgment rendered upon the verdict of May 16, 1968, the judgment of June 17, 1968, is reversed and set aside, the verdict of the jury is reinstated, and judgment upon the verdict is rendered by this Court in favor of the plaintiff and against the defendant Edwin S. Dillard.

*Reversed and rendered.*