363 S.E.2d 472

**Sammy FORTUNA**

v.

**Carmella Mary QUEEN**

and

**Sammy FORTUNA**

v.

**Jessie QUEEN, et al., and Sandra Bernadine Queen**

No. 17619.

Supreme Court of Appeals of West Virginia.

Nov. 17, 1987.

Charles R. Garten, Logan, for appellant.

John R. Mitchell, Guy R. Bucci, Charleston, for appellees.

PER CURIAM:

This is an appeal by the appellant, Sammy Fortuna, from final orders of the Circuit Court of Logan County, entered July 17, 1986 and April 10, 1987, which dismissed as compromised and settled certain civil actions instituted by the appellant in that court. The appellant contends that the compromise agreement which resulted in the dismissal of these actions was approved by his attorney without his authorization and was, therefore, invalid. We find no error warranting reversal of the lower court's decision as to the validity of the compromise agreement, and we affirm the judgments of the circuit court in that regard. We do find, however, that the circuit court erroneously dismissed one of the civil actions insofar as it raised issues which were not resolved by the compromise agreement, and we reverse on that ground.

This case arose out of a dispute over ownership of a retail music business operated in a building owned jointly by the appellant and his sister, Carmella Mary Queen, in Mt. Gay, Logan County. In January 1985, the appellant, by his counsel, Thomas R. Parks, instituted a civil action in the Circuit Court of Logan County, alleging that he owned the music business in partnership with his sister and seeking damages, dissolution of the partnership and injunctive relief for her alleged refusal to allow him access to the business or its financial records and dissipation of the partnership assets. The appellant subse-

quently filed a second lawsuit, Civil Action No. 85–C–174, naming Carmella Mary Queen's son, Jessie Queen, and his wife, Teresa Queen, as additional parties defendant [1] and charging them with similar misconduct on his sister's behalf.

In their answers, the appellees denied the existence of any partnership with the appellant and asserted that Jessie Queen was the sole owner of the music business. Jessie filed a counterclaim seeking damages and injunctive relief for the appellant's alleged interference with the business. Civil Action No. 85–C–174 was set for trial on July 11, 1985, and depositions were taken of the parties.

On the first day of trial, the attorneys for the parties advised the court that their clients had agreed to a compromise of Civil Action No. 85–C–174 and orally stated for the record the terms of the agreement. Among other things, the agreement required Jessie and Teresa Queen to close the business and to leave the premises with the cash on hand and their personal belongings. The business paraphernalia and inventory were to remain on the premises and become the joint property of the appellant and Carmella Mary Queen. The agreement further provided that the compromise would result in the dismissal of Civil Action No. 85–C–174. By order dated July 17, 1985, the circuit court ratified the compromise agreement and dismissed the case from the docket.

On July 22, 1985, the appellant, by counsel, instituted two additional civil actions against the same parties. In the first, the appellant sought dissolution of his partnership with Carmella Mary Queen and partition of their jointly-held real property. In the second suit, Civil Action No. 85–C–647, the appellant alleged that Jessie and Teresa Queen had violated the terms of the compromise agreement by removing inventory from the business premises and sought to recover the value of the property wrongfully removed or, if such value could not be determined, an order declaring the agreement null and void.

In August 1985, the appellant dismissed Mr. Parks as his attorney and obtained new counsel. On August 20, 1985 he filed a motion to vacate the compromise agreement in Civil Action No. 85–C–174, primarily on the grounds that he had not been fully aware of nor fully understood the terms of the agreement at the time it was tendered to the court for approval and that the appellees had violated the terms of the agreement. In November 1985, the appellant filed a motion to set aside the order dismissing Civil Action No. 85–C–174 on the same grounds. In addition, the appellant sought relief from judgment on the ground that he had never authorized Mr. Parks to dismiss the case. [2]

A hearing on the appellant's motions was conducted before the circuit court on June 9, 1986. It does not appear that any evidence was presented at this hearing. The trial court found that the parties had been present with their attorneys on July 11, 1985 and were, upon request, afforded an opportunity to negotiate a settlement at that time. The court held that the tendering of an order of compromise and settlement signed by counsel of record was evidence that a compromise was, in fact, made and found no reason to doubt the representations of the attorneys that the parties had reached an agreement. The court further found that the appellant had initially wanted the agreement set aside primarily because of the appellees' alleged failure to comply with its terms and concluded that to look behind the order ratifying the compromise just because the appellant later became dissatisfied with the agreement would disrupt the judicial process. By order entered July 17, 1986, the appellant's

---

1. Sandra Bernadine Queen, daughter of Carmella Mary Queen, was also named a party defendant because of her alleged interest in the real property.

2. The appellant also contended that the compromise was invalid because he had not signed a written agreement and because the terms of the settlement were not spread upon the record in his presence. Neither of these contentions appears to have been seriously advanced as grounds for vacating the compromise agreement, and they form no part of this appeal.

motion to set aside the dismissal order was denied.

In October 1986, the appellees filed motions to dismiss the other civil actions brought by the appellant on grounds of *res judicata.* A hearing on these motions was conducted on November 24, 1986. The trial court found that any other possible claim or defense involving the parties in the other civil actions had been adjudicated as settled and compromised in connection with the compromise and dismissal of Civil Action No. 85–C–174, with the exception of issues relating to the partition of the real property and to the appellees' alleged violation of or noncompliance with the terms of the compromise agreement. By order dated April 10, 1987, the court dismissed, with prejudice, the other actions filed by the appellant except insofar as they pertained to those issues expressly reserved for further consideration.

In this appeal, the appellant contends that the compromise agreement which resulted in the dismissal of his lawsuits against the appellees was not authorized by him. Consequently, he contends that the trial court erred in refusing to grant his motion to set aside the order dismissing Civil Action No. 85–C–174 and in dismissing the other civil actions.

█ We first address the issue of whether the trial court erred in refusing to set aside the order dismissing Civil Action No. 85–C–174. Rule 60(b) of the West Virginia Rules of Civil Procedure provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

"A motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C[iv].P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syllabus point 5, *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974). *See also Intercity Realty Co. v. Gibson,* 154 W.Va. 369, 175 S.E.2d 452 (1970).

█ It has been recognized that an attorney has no right to compromise or settle a cause of action without the express authorization of his client and that a party is entitled to have a dismissal order confirming an unauthorized compromise or settlement set aside and vacated pursuant to Rule 60(b). *Kelly v. Belcher,* 155 W.Va. 757, 187 S.E.2d 617 (1972). As a general rule, "[t]he mere relation of attorney and client does not clothe the attorney with implied authority to compromise a claim of the client." Syllabus point 5, *Dwight v. Hazlett,* 107 W.Va. 192, 147 S.E. 877 (1929). We have also recognized, however:

> Where a duly licensed attorney at law, regularly employed to represent a party to an action at law pending before a court having jurisdiction of the subject matter, appears at the bar of the court and consents to the entry of an order, and the order becomes final, the authority of the attorney to represent the litigant by whom he was employed, as to the matters adjudicated by the order, will be presumed until the contrary is clearly established in a proper proceeding.

Syllabus point 3, *McKnight v. Pettigrew,* 141 W.Va. 506, 91 S.E.2d 324 (1956). *See also State ex rel. Magun v. Sharp,* 143 W.Va. 594, 103 S.E.2d 792 (1958); *Rader v. Campbell,* 134 W.Va. 485, 61 S.E.2d 228 (1949). The question of an attorney's want of authority must be raised immediately by a motion or petition accompanied by sup-

porting affidavits, and the burden of proving such want of authority is on the party who asserts it. *Western Auto Supply Co. v. Dillard*, 153 W.Va. 678, 172 S.E.2d 388 (1970); *Miranosky v. Parson*, 152 W.Va. 241, 161 S.E.2d 665 (1968).

■ The claimant's motions to vacate the compromise agreement and to set aside the dismissal order were not accompanied by any affidavits in support of his contention that his attorney acted without authority in agreeing to the compromise and dismissal of Civil Action No. 85–C–174. The only evidence presented below was a record of disciplinary proceedings brought by the West Virginia State Bar against Mr. Parks, introduced by stipulation of the parties long after the final hearings, which showed that he was under severe emotional and psychological strain at the time the compromise was approved. The appellant contends that this evidence, when coupled with the fact that he subsequently discharged Mr. Parks and promptly sought to have the compromise set aside, was sufficient to overcome the presumption that his attorney acted with his authorization in approving the compromise.

We disagree. There is no evidence in the record that Mr. Park's emotional and psychological condition in any way impaired his judgment with respect to this case or caused him to act without consulting his client. Nor is there any evidence that the appellant discharged Mr. Parks for agreeing to an unauthorized compromise. Indeed, it appears that upon learning of the appellees' alleged violation of the compromise, the appellant immediately consulted Mr. Parks and sought to enforce the agreement rather than to repudiate it. Even after the appellant obtained new counsel, he did not initially seek to have the agreement set aside on the ground that the compromise was unauthorized. Instead, he relied on other grounds for relief from the judgment, such as his failure to fully comprehend the terms of the agreement, which have since been abandoned.

■ In view of this evidence, we cannot say that the circuit court abused its discretion in refusing to set aside the dismissal order. We are aware that the provisions of Rule 60(b) are to be liberally construed in furtherance of the policy that favors adjudication of disputes on the merits. *See Toler v. Shelton, supra; Hamilton Watch Co. v. Atlas Container, Inc.*, 156 W.Va. 52, 190 S.E.2d 779 (1972). However, this principle must be balanced against the policy that favors the resolution of controversies by compromise and settlement rather than by litigation. *See State ex rel. Vapor Corp. v. Narick*, 173 W.Va. 770, 320 S.E.2d 345 (1984); *Sanders v. Roselawn Memorial Gardens, Inc.*, 152 W.Va. 91, 159 S.E.2d 784 (1968). There being no evidence in the record before this Court which would justify setting aside the compromise agreement between the parties, we affirm the circuit court's denial of the appellant's motion to vacate the order dismissing Civil Action No. 85–C–174.

■ We turn now to the circuit court's order of April 10, 1987, which dismissed the appellant's other civil actions on the ground that the issues raised therein had been resolved by the compromise and dismissal of Civil Action No. 85–C–174. As a general rule, "[a] valid agreement of compromise and settlement of a case properly pending in a court of competent jurisdiction, in the absence of any exception or reservation, constitutes a merger and a bar of all claims properly litigable in such case." Syllabus point 3, *State ex rel. Queen v. Sawyers*, 148 W.Va. 130, 133 S.E.2d 257 (1963). *See also In re Estate of McIntosh*, 144 W.Va. 583, 109 S.E.2d 153 (1959). Accordingly, the circuit court properly dismissed as previously adjudicated all of the appellant's claims arising out of the dispute over ownership of the music business.

■ Obviously, a judgment dismissing an action as compromised and settled does not preclude a party from bringing suit upon a claim not within the scope of the compromise agreement. *See generally* 47 Am.Jur.2d *Judgments* § 1092 (1969). The circuit court here expressly reserved from its ruling the appellant's claims relating to partition of the jointly-owned real estate and the appellees' alleged violation of the terms of the compromise agreement, nei-

ther of which was resolved by the compromise and dismissal of Civil Action No. 85–C–174. It appears, however, that the court inadvertently dismissed Civil Action No. 85–C–647, in which the appellant alleged a breach of the compromise agreement. Clearly, the appellant was entitled to maintain this cause of action. Contracts of compromise and settlement are to be construed and enforced like any other contract. *Floyd v. Watson,* 163 W.Va. 65, 254 S.E.2d 687 (1979). *See State ex rel. Vapor Corp. v. Narick, supra; Sanders v. Roselawn Memorial Garden, Inc., supra.* Accordingly, this action should be reinstated on remand.

For the reasons stated herein, the judgment of the Circuit Court of Logan County, embodied in the order of that court dated July 17, 1986, is affirmed. The order of the lower court dated April 10, 1987 is reversed insofar as it ordered the dismissal of the appellant's action for breach of the compromise agreement, and the case is remanded to the Circuit Court of Logan County with directions to reinstate Civil Action No. 85–C–647 to the docket.

Affirmed, in part; reversed, in part. Remanded with instructions.